CLARRIE A. APSEY, ADMINISTRATRIX, ETC.. v. THE
DETROIT, LANSING & NORTHERN RAILROAD
COMPANY.

[See *ante*, 432.]

*Contributory negligence.*

When the testimony shows affirmatively that the party who is injured through the negligence of another was himself negligent, and that such negligence contributed to bring about the result complained of, and such testimony is neither conflicting nor contradictory, it becomes a question of law for the court to decide whether there is any fact disclosed by the testimony to go to the jury upon the question of contributory negligence.

Plaintiff applies for a rehearing.    Submitted December

23, 1890.   Denied December 24, 1890.   The facts are stated in the opinion in the main case, *ante*, 432.

*Frank L. Dodge* and *C. P. Black*; for motion.

*Charles B. Lothrop* and *R. A. Montgomery*, *contra*.

PER CURIAM.   We have carefully examined the points, brief, and argument upon which a rehearing is asked in this case.

Counsel for petitioner assume that, because the word "east" in two places inadvertently crept into the opinion, this Court misapprehended the facts in the case. The opinion is not open to misconception.   The fact is stated that the train was an east-bound train, and that it was claimed that Apsey's view of the approach was obstructed by an orchard, embankment, etc.   It follows that such obstructions were west of the highway, and not east, as inadvertently stated.   Corrections will be made in the opinion handed down.

The reversal of the judgment was based upon the contributory negligence of Mr. Apsey, as shown by all the evidence in the case.   Counsel for petitioner insist that the question should have been submitted to the jury. When the testimony shows affirmatively that the party who is injured through the negligence of another was himself negligent, and such negligence contributed to bring about the result complained of, and such testimony is neither conflicting nor contradictory, it becomes a question of law for the court to decide whether there is any fact disclosed by the testimony to go to the jury upon the question of contributory negligence.