## RAILWAY COMPANY v. CULLEN.

Decided April 25, 1891.

*Accident at railway crossing—Contributory negligence.*

One who is injured in attempting to cross a railway track at a public crossing ahead of an approaching train cannot recover, though the train approached at unusual speed without signals, if he either knew of the proximity of the train and took the hazard of a leap across the track in front of the engine, or else failed to look and listen for the train when he knew it was approaching, and when, if he had used his senses, he could not have failed both to hear and see it.

APPEAL from *Conway* Circuit Court.

JORDAN E. CRAVENS, Judge.

| | |
|---|---|
| 54 | 431 |
| 56 | 459 |
| 54 | 481 |
| 59 | 129 |
| 54 | 431 |
| 61 | 559 |
| 62 | 158 |
| 62 | 250 |
| 54 | 431 |
| 65 | 239 |
| 54 | 431 |
| 76 | 14 |
| 76 | 225 |
| 54 | 431 |
| 78 | 359 |
| 81 | 326 |
| 82 | 444 |

Henry Cullen, a boy sixteen years old, was struck by an engine while crossing the track of the Little Rock and Fort Smith Railway Company. This suit was brought to recover damages for injuries sustained by him.

He testified in substance as follows:

I was at Mr. Zindorf's shop when he started to the depot. I came right along behind him. He ran around a box-car on the side track and across the main track right in front of me. I was crossing on the track when the engine struck me and knocked me off. A box-car was standing on the side track and extended out on the crossing about three or four feet. Mr. Zindorf crossed before me. I was two or three feet behind him; could almost touch him. I couldn't see the train. I didn't look for it before I ran in behind the box-car or after I got between the side track and main track. I came straight across the track. Just as they whistled, they struck me and knocked me out of my senses. I didn't look because the box-car in the street would have prevented me from seeing if I had wanted to look. I heard no whistle or bell before or while I was going around the box-car that was standing in the street. The train came darting up and struck me without any warning. All the time I was going from Mr. Zindorf's to the track I never looked at the train. I followed along behind Mr. Zindorf. I never looked at the train to see where it was until I got to the corner of the platform. I have good hearing and good eyesight. I heard the whistle when it blew at me. Soon as it whistled it ran against me and knocked me out of my senses. I went straight across the main track after going around the box-car. I didn't stop to see if the train was there. I just went right straight across.

Zindorf testified as follows:

I was at my shop at work, and the boy was with me. I heard the noon train whistle, and I remembered that I had a letter to mail, and I picked up my hat and started for the depot to mail it on the train. I told the boy I was going to the train to mail a letter. I started towards the depot,

and the boy came along after me. I walked in a brisk walk, and although I didn't look around to see if the boy was following me, still I knew he was there. My shop is about a square east of the street crossing, east of the depot. There was a box-car standing on the side-track, and the end of this car was standing a few feet out over the sidewalk. I walked around the west end of the box-car and started across the main track. I checked myself between the two tracks to see if I could get over before the train came up. I saw I could make it, and ran across the main track only a few feet in front of the engine. I had to jump to make it, but I got across and had taken a few steps towards the depot, when the engine passed me. Just as I was in the act of jumping across the main track, I heard two or three sharp whistles of the engine. I didn't see the engine run against the boy. He was behind me. Just as I had straightened myself up, after jumping across the track, and had taken a step or so, the boy was knocked off the track by the engine and rolled over in the street, stirring up a big dust. I had forgotten about the boy being behind me when I started across the track. I never heard any bell ringing. I think I would have heard it if it had been ringing. The train was running mighty fast—faster than usual, and faster than I ever saw it coming into town. I could have gotten across the track a little sooner than I did if it hadn't been for the box-car standing across the sidewalk, necessitating me to go around it, which made it a little further for me to go, and took a little longer time.

A few moments after the accident, Cullen made this statement to the physician who attended him: " The railroad is not to blame; I am to blame; I just wanted to cross the track; I had no business to cross at that time. I thought I could make it ahead of the train."

There was verdict and judgment for plaintiff. Defendant has appealed.

*Dodge & Johnson* for appellant.

S C—28

1. The plaintiff is barred by undisputed contributory negligence on the part of the injured party. Cullen alone was to blame for the injury.

2. Defendant's servants were only required to keep a careful lookout ahead, and, after discovering a person on the track, to do all that an ordinarily prudent and careful person would do to prevent injury. One who enters upon a track at a crossing, with knowledge of an approaching train, without looking to see whether a train is near, is guilty of contributory negligence, and cannot recover for negligence on the part of the company's servants, unless they saw the plaintiff's danger in time to have avoided the injury, and failed to do so. 36 Ark., 41; 47 *id.*, 497; 46 *id.*, 513.

*E. B. Henry* and *W. L. Moose* for appellee.

The jury in this case has passed upon the question of the negligence of the appellant, the issue of contributory negligence, and there is evidence to support their finding. The burden was on the appellant to establish contributory negligence, and this issue the jury resolved against it. 34 Ark., 613. A failure to stop and look is not *per se* negligence, but an element for the jury to consider. 53 Ark., 202; 42 Am. & E. R. Cases, 160, and notes; *ib.*, 163, 165. Contributory negligence is one of fact for the jury. 28 A. & E. R. Cases, 639; 89 Pa. St., 59–64; 97 *id.*, 55; 107 *id.*, 8; Black, Proof & Pl. Ac. Cases, p. 109. Whether or not a person crossing a highway is negligent in not stopping and looking and listening is for the jury. 28 Wis., 487; 63 Wis., 145; 19 A. & E. R. Cases, 285. ·The failure of the railway employees to give proper warning may relieve the traveler of the necessity of stopping to look and listen. 35 Pa. St., 60; 47 *id.*, 244; 42 Am. & E. R. Cases, 185–189.

Accident at railway crossing —Contributory negligence.

COCKRILL, C. J. A traveler upon the highway is bound to exercise ordinary care and diligence at the intersection of a railway, to ascertain whether a train is approaching, in order to avoid collision with it. An ordinarily prudent man will use his eyes and ears to apprehend the danger, and, if

the circumstances require, he will stop to enable him the better to do so.  If the traveler neglects to do what an ordinarily prudent man would do under the circumstances, he is guilty of negligence.  A failure to look and listen is therefore evidence of negligence on his part ; and if an injury is the consequent result, and his want of precaution is unexplained by circumstances which might mislead an ordinarily prudent man or throw him off his guard, he cannot have reparation for the injury, because his own want of care is the author of his misfortune.   Patterson's Railway Accident Law, secs. 174–5 ; *Continental Imp. Co.* v. *Stead,* 95 U. S., 191 ; *Railway Co.* v. *Amos, ante,* p. 159.

The fact that the train approaches the crossing at a greater rate of speed than is usual, coupled with the neglect of the employees in charge of it to sound the whistle or ring the bell, does not relieve the traveler from the necessity of taking ordinary precautions for his safety.   " Negligence of the company's employees in these particulars is no excuse," says the Supreme Court of the United States, "for negligence on his part."  *Railroad Co.* v. *Houston,* 95 U. S., 697 ; *Schofield* v. *Railway,* 114 U. S., 615.

His want of care is not excused by the neglect to give the usual signals, because a reasonable person of ordinary care will not be misled by their omission into rushing headlong upon a railway track without some use of his senses to ascertain if there is danger.   *Davey* v. *Railway Co.,* 12 Law Rep., Q. B. Div., 70, 73.

In *Dublin Railway Co.* v. *Slattery,* 3 Appeal Cases, 1155, the following case is put by way of illustration by Lord Cairns : "If a railway train, which ought to whistle when passing through a station, were to pass through without whistling, and a man were, in broad daylight, and without anything, either in the structure of the line or otherwise, to obstruct his view, to cross in front of the advancing train and to be killed, I should think the judge ought to tell the jury that it was the folly and recklessness of the man, and not the carelessness of the company, which caused his death.   *   *   *

The jury could not be allowed to connect the carelessness in not whistling, with the accident to the man who rushed, with his eyes open, on his own destruction.'' The hypothetical case was approved, and the doctrine applied by Lord Coleridge in *Davey* v. *Railway Co.,* 11 Law Rep., Q. B. Div., 213, in a case where the facts were as strong for the plaintiff as those here presented. And many cases may be instanced to the same effect. *Railway Co.* v. *Houston,* 95 U. S., *supra; Scofield* v. *Railway Co.,* 114 U. S., *supra.; Fletcher* v. *Railway Co.,* 149 Mass., 127; *Cullen* v. *Railway Co.,* 113 N. Y., 667; *Penn. Ry. Co.* v. *Righter,* 42 N. J. Law, 180; *Penn. Ry. Co.* v. *State.,* 61 Md., 108; *Daily* v. *Ry. Co.,* 42 Am. & Eng. Ry. Cases (N. C.), 124.

The language quoted describes this case, and, with the cases cited, shows that there was really no evidence to base a verdict for the plaintiff on. There was conflict in the testimony as to the speed of the train and the failure to sound the whistle and ring the bell. We assume, as the jury might have found, that the train approached the crossing at a greater rate of speed than was usual without giving the usual signals; but the uncontroverted facts left the jury no latitude, save to find that Cullen knew of the close proximity of the train, and, in reckless disregard of his safety, took the hazard of the leap across the track in front of the engine; or else failed to look or listen for the train when he knew it was approaching the crossing, and when, if he had used his senses, he could not have failed both to hear and see it. His injury was therefore the result of his recklessness, or of his own culpable negligence. As the testimony shows that the injury could not have been prevented by the trainmen after the plaintiff's perilous condition was discovered, either alternative would deprive him of the right to complain of the conduct of the railway.

The court erred therefore in refusing to grant the defendant a new trial.

Reverse the judgment and remand the cause.