## RAILWAY COMPANY *v.* TIPPETT.

### Opinion delivered July 1, 1892.

*Accident at railway crossing—Contributory negligence.*

In an action against a railway company to recover damages for the killing of plaintiff's intestate at a crossing of a side-track, if the only negligence shown on defendant's part was a failure to give the statutory signal, a verdict in favor of the plaintiff will be set aside where the evidence shows that deceased was killed in attempting to cross ahead of an approaching train at a place where the view before reaching the track was partially obstructed by a cattle-chute, that deceased was familiar with the locality and knew the use made of the side-track, and that if he had looked with proper care, before stepping upon the track, he could have seen the train at such distance as would have enabled him to avoid the injury.

Appeal from Craighead Circuit Court, Jonesboro District.

JAMES E. RIDDICK, Judge.

This suit against the St. Louis, Iron Mountain & Southern Railway Company was instituted by the administratrix of James Tippett, for the benefit of his widow and next of kin. The complaint alleged that, on the 25th day of February, 1889, while James Tippett was going from his house on the west side of defendant's track to his place of business on the east side of said track, he was run over and killed by a locomotive and train of cars belonging to defendant, at a public crossing, just north of the depot in the town of Paragould, Arkansas. It charged negligence on the part of the defendant in running its engine and cars rapidly past said crossing without sounding either bell or whistle, and in having placed an obstruction near the track which cut off the view of the approaching train from the deceased. The prayer of the complaint was for damages in the sum of $25,000.

The answer of the defendant denied specifically all the allegations of the complaint, and charged that the accident was the result of contributory negligence on the part of deceased.

Plaintiff recovered verdict of $1000. Defendant has appealed. The facts sufficiently appear in the opinion.

*Dodge & Johnson* for appellant.

The failure of a traveler at a crossing to stop, look and listen before attempting to cross is evidence of negligence; and if injury results, he cannot recover. 16 S. W. Rep. 169; Patterson, Ry. Acc. Law, 174, 175; 95 U. S. 161; 114 U. S. 615; 12 Q. B. Div. 70, 73; L. R. 3 App. Cases, 1155. In the light of these decisions the court erred in its charge to the jury.

*B. H. Crowley* for appellee.

Appellant was guilty of negligence in failing to give the signals required by law. Mansf. Dig. sec. 5478;

2 Wood's Ry. Law, p. 1307, note 1, 1310, 1313, 1330. While a traveler is held to due care in stopping, looking and listening, yet he is only bound to look where to do so would aid him in determining whether a train is approaching. 2 Wood's Ry. Law, p. 1310. There is evidence to sustain the verdict.

MANSFIELD, J.  Where the view of a railway track is obstructed, and the danger of a road-crossing is thus increased, a greater degree of care is required of a traveler than it would be his duty to exercise at a crossing not specially dangerous.  Patterson on Railway Accident Law, sec. 177.  And, without regard to any special danger at a crossing, this court has held that " a traveler upon the highway is bound to exercise ordinary care and diligence at the intersection of a railway, to ascertain whether a train is approaching, in order to avoid a collision with it."  *Railway Co. v. Cullen*, 54 Ark. 431. In the case cited it was said :  "An ordinarily prudent man will use his eyes and ears to apprehend the danger, and, if the circumstances require, he will stop to enable him the better so to do.  If the traveler neglects to do what an ordinarily prudent man would do under the circumstances, he is guilty of negligence."  An application of these rules to the facts of the present case will determine whether the plaintiff's intestate was guilty of negligence contributing to the loss of his life.  He was familiar with the locality, and knew the use made of the side-track upon which he was killed.  He must have known also the extent to which a view of the track was obstructed by the cattle chute ; and it was his duty, before going upon the track, to take such precaution for his personal safety as the circumstances would suggest to a man of ordinary prudence.  He had a right to expect that the company would perform its duty in giving the signals required by law as its engine approached the crossing.  But, as shown in the case cited, the negli-

gence of the company could not excuse the want of proper care on his part. He was going from his residence on the west side of the railway to his place of business on the east side, by a route he was accustomed to travel, and was struck by the train as he stepped upon the track. A witness who was following and endeavoring to overtake him states that he saw the approach of the train which inflicted the injury before the deceased reached the point where his view was obstructed by the chute; and that there was nothing to prevent the deceased also from seeing it. This testimony is partially contradicted by that of one witness, who testified that, in going from the west side over the route traveled by the deceased, a person would have to get nearly on the track before he could see very far in the direction from which the train came. But the further statement of this second witness is to the effect that when not over two feet from the track, the engine could be seen for a distance of thirty or forty yards; and all the evidence shows that, from the crossing at which the deceased was struck, the train could have been seen at such distance as would have enabled him to avoid the injury if he had but looked in the proper direction. If, then, his view was obstructed as he approached the track, it was the more incumbent upon him to look with proper care after he reached it. But the fact is without contradiction that he went upon the track a few yards in front of the cars with apparent indifference to the danger of the place; and it does not appear that the men in charge of the train could have kept it from striking him if his presence had been known. There was evidence from which the jury might have found negligence on the part of the defendant in failing to give the proper signals. But none we think which justified them in finding that the deceased would have been injured except for his own negligence. If this view of the case is correct, it was error to refuse

a new trial. It follows also that so much of the court's charge as seems to assume the existence of testimony tending to prove that the deceased could not by looking have seen the train, was abstract and therefore improper. The rest of the charge, considered as a whole, was not objectionable ; and we think the court committed no error in ruling upon the instructions requested by the defendant.

Reversed and remanded.