CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY

v.

WILLIAM WHITE, BY NEXT FRIEND, ETC.

*Railroads—Negligence—Collision—Crossing.*

In an action brought to recover from a railroad company for personal injuries alleged to have been received through its negligence at a public crossing, this court holds as error the refusal of an instruction on behalf of defendant setting forth that the plaintiff was not, in view of the evidence, entitled to recover, and that the judgment in his behalf must be reversed.

[Opinion filed December 8, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. EDWIN WALKER and ARTHUR J. EDDY, for appellant.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellee.

MR. JUSTICE GARY. This case must be sent back for another trial. It is not enough to charge a railway for the injury resulting from a collision at a crossing, that the railway and highway cross each other upon the same level,

C., M. & St. P. Ry. Co. v. White.

and that is all that this record really shows as the ground of recovery.    Full of danger as such crossings are, the law permits them.

Whether any bell was being rung at the time of the accident is not material, on the version that the appellee, as a witness, gives of the accident.    That version is, that at the time of the accident he was a little over ten years of age when he approached from the north the crossing of the railway (which runs on Bloomingdale road) over Gross avenue, and ran upon the track without any heed to the surroundings.    The train of forty-four or forty-five freight cars was running west toward Gross avenue, and there was very little in the way to obscure a view of it by the appellee as he came; one house and the picket fence of a chicken yard seem to have been all.

If the rumble of such a train, and the puffing of the locomotive failed to attract the attention of the appellee, the sound of the bell would also have failed.    He was so lost to all around him that he never knew whether he was struck by anything or not; he infers that he was because he was lying upon the ground, and saw cars passing, and found himself badly hurt.

There is nothing in the testimony of other witnesses that helps the case of the appellee.

It is probably true that the bell was ringing, and there is no evidence to justify a conclusion that the train was running at an undue rate of speed.

The appellant asked an instruction that the appellee could not recover, which should have been given, and the refusal of which was an error for which the judgment must be reversed.    C. & A. R. R. Co. v. Adler, 129 Ill. 335.

*Reversed and remanded.*