RAILWAY COMPANY *v.* JOHNSON.

Opinion delivered May 5, 1894.

1. *Instruction—Credibility of witnesses.*

Error in charging, in an action against a railroad company, that the jury should consider the personal interest and bearing of witnesses in determining their credibility, without calling attention to the subject matter of their testimony also, is not prejudicial as discrediting defendant's witnesses, who were its employees, if there was a further charge that the jury must not arbitrarily discredit any witnesses, nor discard or depreciate their testimony, merely because they are in the employ of defendant.

2. *Negligence of carrier—Calling name of station.*

Where the name of a railway station is called in the night time, and the train brought to a standstill on a side-track near the station, a passenger, having no notice of danger, is justified in accepting the company's implied invitation to alight; and his failure to look and listen before attempting to cross the main track on which a train is rapidly approaching is not contributory negligence, as a matter of law. Whether under the circumstances he was in the exercise of due care is a question for the jury.

Appeal from Columbia Circuit Court.

J. M. BARKER, Special Judge.

Action by Johnson against the St. Louis & Southwestern Railway Company. The facts are stated by the court as follows:

This appeal is from a judgment for $1250 recovered by appellee for a personal injury claimed to have been received through the negligence of appellant. Ap-

pellant admits the injury, denies negligence, and charges appellee with contributory negligence.

The court gave the following instructions at the request of plaintiff:

"1.   The jury are instructed, as a matter of law, that a passenger at a station has a right to assume that the railroad company will not expose him to unnecessary danger, but will discharge its duty, which requires it to provide passengers a safe passage to and from its trains; and he is not therefore in all cases liable to the charge of contributory negligence because he attempts to cross an intervening track, made necessary by the running arrangements of said railroad, without looking for approaching trains."

"2.   Railroads are required to exercise a great deal of care and diligence in taking care of their passengers, and to provide them a safe and convenient means of entrance and departure from their trains, and a failure to do this is evidence of negligence, and they are liable for all damage caused thereby, unless the passenger, by his own misconduct in failing to exercise ordinary prudence, directly contributes to such injury. And, in determining the question as to whether plaintiff, in this case, failed to exercise ordinary prudence, the jury will take into consideration all the facts and circumstances attending the injury, and that plaintiff had a right to presume that defendant had, in the exercise of due care, so regulated its trains that the intervening space which it was necessary for him to go over in order to reach the depot would be free from interruption by passing trains, and, from these and all the surrounding circumstances in evidence, determine the same."

"3.   If the jury find, from the evidence in this case, that the plaintiff was a passenger on one of the cars of the defendant, and that, on arriving at his destination, the car on which he was riding was stopped on a side track

on the opposite side of the main line from the depot, after said station had been called by defendant's employees, and that defendant permitted another of its trains to pass over said main line, at an unusual rate of speed, while plaintiff was passing over said main line, across which it was necessary to go in order to reach the depot, without any provision being made on the part of the defendant to avert danger, and that the plaintiff was damaged by defendant's train on account of said negligence and want of proper care, then they will find in favor of the plaintiff such an amount of damages as, in their judgment, based on the evidence, will be sufficient to compensate him for the injuries he has sustained, the pain suffered and the amount he has been compelled to expend on account of such alleged negligence, not exceeding the amount sued for."

"4. The jury are the sole judges of the facts, the weight of evidence and the credibility of witnesses. You should, if possible, reconcile any conflict in the evidence, but, if you cannot do this, then give credence to the witness or witnesses whom you believe most worthy of belief, and, in doing so, you are to take into consideration their interest in the matter, and their manner of testifying. In determining whether or not an act is the proximate cause of an injury, the legal test is, was the injury of such a character as might reasonably, under the circumstances, have been foreseen or expected as the natural result of the act complained of?"

The following instructions were given for the defendant:

"1. If the jury find from the testimony that the plaintiff got on the track in front of and too near the approaching engine for the same to have been possibly stopped in time, that the whistle had been sounded and the bell rung, as is usual under such circumstances, they will find for defendant."

"2. The jury are instructed that while they are the judges of the weight of evidence and the credibility of witnesses, yet they must not discredit any witness arbitrarily, nor are they to discard or depreciate the testimony of a witness merely because he is in the employ of the defendant company."

"3. The jury are instructed that one who is injured in attempting to cross a railroad track, even at a public crossing, ahead of an approaching train, cannot recover, even though the train approached at an unusual speed and without signals, if he either knew of the proximity of the train, or else failed to look and listen for it when he knew it was approaching, and if he had used his senses, he could not have failed both to hear and see it; and, if they find that such, substantially, was the situation and surroundings, and the conduct of the plaintiff on the occasion of his receiving the hurt complained of, they will find for defendants."

"13. If the jury find from the testimony that the plaintiff, a passenger on the train on the side track, alighted therefrom against the warning of the train men, they will find that he ceased to be passenger of his own accord, and cannot claim protection as such."

"14. If the jury find from the testimony that the usual signals were given on the approach of the train, and that plaintiff got on the track too near to stop the train in time to prevent the accident, they will find for the defendant, if they further find from the testimony that plaintiff was in possession of his senses of seeing, hearing and understanding, and by exercise of them could have avoided the injury."

*Bunn & Gaughan* and *Sam H. West* for appellant.

1. "A railroad company is under duty to its passengers not to expose them to unnecessary danger, and not to intentionally or negligently mislead them by caus-

ing them to reasonably suppose that their point of destination has been reached, and that they may safely alight, when the train is in an improper place; but the mere announcement of the name of the station is not an invitation to alight.  Still, when followed by a full stoppage of the train soon thereafter, it is *ordinarily* notification that it has arrived at the usual place of landing passengers; and whether the stoppage of the train, after such announcement, and before arriving at the platform, is negligence, depends upon the attending circumstances." 88 Ala. 538.  Treating plaintiff as a passenger, he knew of all the surroundings, and attending circumstances, and was not entitled to recover.  31 Mich. 236.

2.  The proof shows him guilty of contributory negligence.  95 U. S. 697; 48 Ark. 106; 46 *id.* 528; 54 *id.* 25; *ib.* 431; 37 Am. & Eng. R. R. Cases, 172; 39 *id.* 463; 50 *id.* 32; 40 La. An. 800; 34 Ark. 613; 48 *id.* 106.  Having left the train with a full knowledge of the situation, knowing that he was not getting off at the usual place, he took upon himself his own movements, and must suffer the consequences.  See also 19 S. W. Rep. 432; 49 Am. & Eng. R. R. Cases, 405.

*Thornton & Smead* for appellee.

It is the duty of railroads to afford passengers a safe means of entrance to and exit from their depot.  48 Ark. 106; 46 *id.* 196; Beach, Cont. Neg. p. 171; Cooley on Torts, 694; Hutch. Car. sec. 516; Whitt. Smith on Negl. p. 317–18; 2 Redf. Law of Railroads, p. 233; 1 Rorer on Railroads, p. 479; 2 *id.* p. 1131; 4 A. & E. Enc. Law, p. 908.  To permit a train to pass on a track between a depot and another track, on which a passenger train is standing while discharging passengers, just as passengers are passing from the train across the track to the depot, without any provision to avert danger, is

actionable negligence.   26 N. J. Eq. 474; 64 N. Y. 635;
11 Hun (N. Y.), 395; see also 11 Minn. 277 ; 2 McLean,
257 ; 8 Pa. St. 479 ; 13 Peters, 192 ; 51 Ga. 583 ; 96 Ind.
346.   The rule is correctly stated in Thomp. on Car. p.
268, par. 4 and p. 233, par. 18.   See, also, as to the differ-
ence between a *traveler* and passenger : 15 Am. Rep. 640 ;
18 S. W. Rep. 5 ; 54 Ark. 159 ; *Ib.* 431 ; Ray, Neg. Im-
posed Duties, 121 ; 11 Minn. 178 ; 84 N. Y. 240 ; 60 Md.
449 ; 100 Mass. 208 ; 104 *id.* 108 ; 105 *id.* 203 ; 33 Fed.
Rep. 796 ; 22 S. W. Rep. 232.   When a station is an-
nounced in the night and the train comes to a stop, it is
an invitation to alight, on which a passenger may act.
Beach, Cont. Neg. p. 172 ; 38 N. J. Law, 133 ; 66 N. Y.
642 ; L. R. 7 C. P. 321.   Review the instructions and
contend that when construed together they correctly
state the law.   50 Ark. 545 ; 52 *id.* 45 ; 48 *id.* 121 ; 13
*id.* 317 ; 35 *id.* 594 ; 46 *id.* 152.

WOOD, J., (after stating the facts).   Appellee shows
that he was a passenger on appellant's train; that, on
approaching Waldo, his destination, the name of the
station was announced, the whistle sounded, the bell
rung, and the train stopped nearly opposite the depot.
Appellee supposed the train had stopped to allow pas-
sengers to get off ; and, accordingly, he, following several
other passengers, proceeded to debark.   No notice was
given that the train had side-tracked to allow a belated
train to pass.   No warning of danger was given, or
injunction to the passengers to remain seated until the
other train should pass.   Appellee was fifty-four years
old.   It was between nine and ten o'clock at night, and
very dark to him as he came out of the brightly lighted
coach.   The train from which he debarked was making
much noise, the bell ringing, steam escaping, and air
brakes making sound.   As appellee reached the ground,
he looked across to the depot, and started toward the plat-

form. About the time he got upon the main track, he discovered, for the first time, in a few feet of him, the head light of the south-bound engine, but it was then impossible for him to get out of the way. The train was running fifteen or twenty miles per hour. The bell of this engine was not ringing. Appellee was run over, and his foot so mangled as to necessitate amputation. This is the case which appellee makes by his own evidence and that of his son, and, in some respects, his testimony is corroborated by other witnesses.

The appellant, on the other hand, shows that the passengers were notified that the train had side-tracked to allow the south-bound train to pass, and were requested to remain seated until the train should be backed up to the depot platform on the main track. That the whistle was sounded and bell was ringing on the engine that did the injury. Train was running three or four miles per hour. Appellee could have seen and heard it, had he looked and listened, and was notified, even after he got upon the main track, in ample time to have escaped, had he not negligently failed to do so. We are asked, upon this state of the contention, to review the verdict of the jury. It is impossible for the appellate court to bring truth out of so much palpable contradiction. That was the province of the jury and the trial judge. To us it appears, from the number of the witnesses, and the logical and reasonable conclusions to be drawn from their testimony, that the preponderance was decidedly in favor of appellant on the facts. But preponderance is not determined by numbers alone. The circuit judge, having refused to set aside the verdict, indicates that he regarded the finding of the jury as just and correct. There was certainly evidence sufficient to support the verdict.

The charge of the court in the first part of the fourth instruction was not correct, in that it permitted the jury, in weighing the evidence, to regard the mere personnel of witnesses, rather than the subject matter of their testimony, when both should be considered. But whatever defect there was in this particular was cured by the second prayer given at the instance of appellant, in which the court told the jury "that they must not discredit any witness arbitrarily, nor discard or depreciate the testimony of witnesses merely because they were in the employ of the defendant company."

1. Instruction as to credibility of witnesses disapproved.

As to other instructions, it is sufficient to declare what the law is upon the question involved, without commenting upon them separately. This court, in *Railway Co.* v. *Cullen*, 54 Ark. 431, held "that a traveler upon the highway is bound to exercise ordinary care and diligence, at the intersection of a railway, to ascertain whether a train is approaching, in order to avoid collision with it. * * * A failure to look and listen is therefore evidence of negligence on his part." Such is the general rule, as settled by the authorities, enjoining a positive duty of care upon those who would pass over a railroad track to look and listen. A failure to take such precaution before attempting to pass over is negligence. *Casey* v. *Canadian Pacific R. Co.* 37 A. & E. R. Cases, 172; *Penn. R. Co.* v. *Beale*, 23 P. F. Smith, 504; *Nagle* v. *Allegheny Valley R. Co.* 88 Penn. St. 35; *Penn. Ry. Co.* v. *Matthews*, 7 Vroom, 531; *Gratiot* v. *Mo. Pacific R. Co.* 49 A. & E. R. Cas. 398.

2. Carrier negligent in announcing name of station, when.

But where trains have stopped at stations for the purpose of allowing passengers to make their entrance and exit, the rule is different. The very fact that the name of the station has been called, and the train brought to a standstill soon thereafter at the station, is tantamount to saying to the passenger, "The way is open, and you may alight in safety." The duty of the passenger,

under such circumstances, is not the positive one of first ascertaining whether there is danger ahead, before he undertakes to get on or off the train, as the case may be, because he may act upon the implied assurance that all obstructions and interruptions of a dangerous character have been removed. In other words, he may assume that the railroad company has done its duty to provide him safe landing. *B. & O. R. Co.* v. *State*, 60 Md. 449; *Philadelphia, etc., R. Co.* v. *Anderson*, 20 Atl. Rep. 2; *Columbus, etc., R. Co.* v. *Farrell*, 31 Ind. 408; *Bridges* v. *Ry. Co.* L. R. 6 Q. B. 377; *Lewis* v. *Ry. Co.* L. R. 9 Q. B. 66; Hutchinson on Carriers, sec. 616; *Klein v. Jewett*, 26 N. J. Eq. 474. See *Memphis & Little Rock R. Co.* v. *Stringfellow*, 44 Ark. 322, and cases there cited, as to effect of announcing name of station; see also, *Terre Haute, etc., Railroad v. Buck*, 96 Ind. 346, as to implied invitation to alight; also, *Smith* v. *Ry. Co.* 88 Ala. 538.

As was said in *Brassell* v. *N. Y. C. & H. R. R. Co.* 84 N. Y. 24: "A passenger, when taking or leaving a railroad car at a station, has a right to assume that the company will not expose him to unnecessary danger; and while he must himself exercise reasonable care, his watchfulness is naturally diminished by his reliance upon the discharge by the company of its duty to passengers to provide them a safe passage to and from the train." *Terry* v. *Jewett*, 78 N. Y. 338; *A. T. & S. F. Ry. Co.* v. *Shean*, 18 Col. 368.

The passenger may act upon such reliance. He is not required to look out for and anticipate danger, as in the case of one, not a passenger, crossing at a public crossing or elsewhere. His alertness may be lessened by the implied invitation of the company to alight, and he may fail to take the precaution which would be demanded of him under other circumstances. But the duty of the railroad company will not relieve the passen-

ger from the exercise of ordinary care in avoiding an actual, obvious or known danger, or excuse any reckless conduct on his part. Even the grossest negligence of the company would not justify recovery, if the passenger, under all the circumstances of the injury, is shown to have been guilty of contributory negligence. *Rose* v. *N. E. Ry. Co.* L. R. 2 Ex. Div. 248; Whittaker's Smith on Neg. 314; *Archer* v. *N. Y. etc. R. Co.* 106 N. Y. 589; *Chaffee* v. *Boston & Lowell R. Co.* 104 Mass. 108.

In *Balt. & Ohio R. Co.* v. *State*, 60 Md. 462, it is stated: "In each case the special facts and circumstances must be considered, and their bearing upon the propriety of the conduct of the party injured, except where the facts are clear and undisputed, must be submitted to the jury for their consideration. * * * And, in considering the facts, the question of ordinary care on the part of the party injured is not to be determined in an abstract way, but relatively, as it may be connected with and dependent upon the duty and obligation of the defendant." *Penn. R. Co.* v. *White*, 88 Penn. St. 327; *Gaynor* v. *Old Col. etc. Ry. Co.* 100 Mass. 208; *Robostelli* v. *New York, etc. R. Co.* 33 Fed. Rep. 796.

The question of the negligence of the company and of the appellee was submitted in this case upon instructions even more liberal to appellant than were justified by the authorities. Those given for appellee are not strictly correct, in that they lose sight of the theory presented by appellant—that appellee knew the train had side-tracked, was warned of danger, and consequently was negligent in going where he did. But when taken in connection with those given for appellant, especially the 13th as modified by the court, they state the law substantially as above declared. The court did not err in refusing the fourth and sixth for appellant, nor in any of the modifications it made to instructions asked on its behalf.

The judgment of the Columbia circuit court is therefore affirmed.

Bunn, C. J., disqualified. Mansfield, J., not sitting.

---

NOTE.—The great number of cases as to injuries received in getting on or off railroad trains, including those like the present case, in which a person gets off at a preliminary stop, are collected and analyzed in a note to *Carr* v. *Eel River & Eureka R. Co.* (Cal.) 21 L. R. A. 354. (Rep.)