MARTIN *v.* LITTLE ROCK & FORT SMITH RAILWAY CO.

Opinion delivered March 7, 1896.

RAILROAD—ACCIDENT ON TRACK—CONTRIBUTORY NEGLIGENCE.—One who attempts to cross a railway track without looking for an approaching train in plain view is guilty of such contributory negligence as will prevent recovery for injuries caused by collision therewith.

Appeal from Johnson Circuit Court.

JEREMIAH G. WALLACE, Judge.

STATEMENT BY THE COURT.

Action by Robert S. Martin against the railway company for injuries received by him while about to cross its track. He alleged that the injuries were occasioned by the negligence of the employees in charge of train of defendant company. ·The railway company denied negligence, and alleged that the injury of plaintiff was caused by his own carelessness.

The plaintiff, to sustain his case, testified as follows: "About 9 o'clock a. m. March 3, 1894, I wanted to cross the railroad track of defendants at a crossing thereof in the town of Coal Hill, Johnson county. There was a freight train standing on the switch, heading west, and extending across said crossing from a considerable distance east of same, and my recollection is that the second car from the engine was right on the crossing. The engine was blowing off steam and making a very great noise. I went around the head of the engine, stopping a moment to speak to Cull Johnson, the fireman, and then passed on down between the main track and the switch track toward the crossing, when I was struck by a freight train coming in from the west, and seriously injured. * * * I was crossing from

south to north.   The train had been standing there for
an hour or more obstructing passage at the crossing.   I
am a little dull of hearing in one ear, but hear well out
of the other.   I heard no whistle or bell.   Don't think I
could have heard the bell because of the noise of the es-
caping steam.   I knew nothing of its approach until it
struck me.   The road there runs east and west.   I had
gone two-thirds of the length of the engine when I was
hit.   I did not look up the track because I was watch-
ing the engine which I had just passed.   I was out of
its way when I was struck.   I was going east, and could
see down the track that way, but did not look back.
That was a public crossing.   I could have heard the
·coming train but for the escaping steam.   I was expect-
ing the standing train to start, and for that reason was
watching it.   I could have seen the train that struck me
if I had looked up the track in the direction it was com-
ing.   I did not stop to listen, and did not look toward
the west, from which direction the train was coming that
struck me.   I don't think I had stepped on to the track,
but was just about to step on it.   It was some distance
from the place where I was struck to the crossing."
This was all the testimony of plaintiff except that por-
tion describing his injuries.   Other witnesses testified
that plaintiff was in the act of stepping upon the rail-
way track when hit by the engine.   The train was ap-
proaching in full view, and, had plaintiff looked to the
west, he could have seen it for at least two hundred
yards before it reached him.

Under these facts the court directed a verdict for
defendant, and plaintiff appealed.

*A. S. McKennon*, for appellant.

1. The court erred in taking the case from the
jury.   The question of contributory negligence should
have been submitted to the jury.   62 Wis. 666; 19 Am.

& Eng. R. Cases, 347; 54 Ark. 159; 26 Hun, (N. Y.), 32; 13 Nev. 106; 70 Ill. 211; 101 N. Y. 419; 42 N. Y. Super. Ct. 225; 78 N. Y. 518; 32 N. J. L. 91; 90 Pa. St. 323; 57 Tex. 75; 4 A. & E. Enc. Law, p. 944, and note 1.

2. Under the act of April 8, 1891, railroads are made liable for all injuries occurring from their failure or neglect to keep a proper lookout, and the burden of proof is on them to establish the fact that this duty has been performed.

*Dodge & Johnson*, for appellee.

There was no evidence in this case that would have justified a verdict for plaintiff. His own testimony shows that he was guilty of contributory negligence, and the court properly directed a verdict for defendant. 57 Ark. 461; 54 *id.* 431; 56 *id.* 459; 48 *id.* 125; 46 *id.* 535.

RIDDICK, J., (after stating the facts.) We agree with counsel for appellee that this case comes within the rule laid down in *Railway Co.* v. *Cullen*, 54 Ark. 431, and again in *Railway Co.* v. *Tippett*, 56 Ark. 459. The question for the trial court was whether, assuming the testimony and all the inferences legitimately deducible from it as true, the jury would be justified in finding a verdict for plaintiff. Patterson's Railway Accident Law, sec. 175. He answered this question in the negative, and directed a verdict for defendant, and we concur in his ruling. "A traveler approaching a railroad track, crossing a highway," says Mr. Wood, "is bound to exercise ordinary prudence—such prudence as is fairly commensurate with the nature of the risk. If he can see for a long distance up and down the track, he is bound to look to see whether a train is approaching; and if the track can only be seen for a short distance, he is bound to *look and listen* for an approaching train; and when, by the exercise of these senses, he might have avoided the injury, no recovery can be had." 2 Wood, Railways,

(Minor's Ed.) 1518; *Railway Co.* v. *Cullen*, 54 Ark. 431; *Railway Co.* v. *Tippett*, 56 *id.* 459.

We do not hold that in every case where a traveler fails to look and listen, and is injured by a train while crossing a railway track, the case should be taken from the jury. It is only where it appears from the evidence that he might have seen had he looked, or might have heard had he listened, that his failure to look and listen will necessarily constitute negligence. *Smedis* v. *Railway Co.*, 88 N. Y. 13; 2 Wood, Railroads, 1527. Then, too, there are cases where the employees in charge of the train fail to use due care after discovering the danger of the traveler. But there is nothing in the evidence here to show that the employees of the company in charge of the train had any reason to believe that appellant would expose himself to injury by stepping before the train. The appellant was struck just as he started to go upon the track, which shows that the employees of the company had no time to anticipate his action in this regard.

The appellant testified that the noise made by the escaping steam from an engine on the side track prevented him from hearing the approaching train, but it furnished no excuse for his failure to look to see whether a train was approaching. He knew that on account of the noise of the steam he could not hear, and there was all the more reason why he should have looked for a train before attempting to step on the track. The train was approaching in full view, and, had he looked to the west along the track, he would have seen it in time to have avoided the injury. His failure to look under such circumstances was negligence directly contributing to his injury, and he cannot recover. As the evidence was not legally sufficient to sustain a verdict for the plain-

tiff, the court properly directed a verdict for defendant. *Catlett* v. *Railway Co.*, 57 Ark. 461.

The judgment is affirmed.