SAINT LOUIS AND SAN FRANCISCO RAILROAD COMPANY *v.*

PORTIS.

Opinion delivered January 7, 1907.

RAILROAD—COLLISION AT CROSSING—CONTRIBUTORY NEGLIGENCE.—A railroad company is not liable to the owner of a horse and wagon injured by a train at a crossing where the person in charge thereof drove upon the track without looking at a time when, if he had looked, he could have seen the train and avoided the accident.

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; reversed.

*L. F. Parker* and *B. R. Davidson,* for appellant.

Where one drives upon a railroad track without looking to see if there is an approaching train, as a matter of law he is guilty of contributory negligence, and can not recover if injured.    54 Ark. 431; 56 Ark. 457; 61 Ark. 549; 62 Ark. 156; 64 Ark. 364; 65 Ark. 235; 69 Ark. 134; 78 Ark. 55.    The train in this case was in plain view, as is admitted by the driver. He is charged with having seen it.    79 Ark. 241.    See also 95 U. S. 697; 114 U. S. 615; 174 U. S. 379; 63 S. W. 360; 90 S. W. 136; 24 Atl. 747; 16 Atl. 623; 54 Atl. 276; 55 Atl. 627; 3 Elliott on Railroads, § 1166; 4 *Id.* § 1703.

*Walker & Walker,* for appellee.

BATTLE, J.    J. P. Portis brought this action against the St. Louis and San Francisco Railroad Company to recover damages caused by the killing of a horse and the destruction of a wagon and harness by a train of the defendant, the horse, wagon and harness being his property.    He recovered judgment, and the defendant appealed.

Tolbert Davis was driving a delivery wagon for appellee. He had delivered some goods on Hill Street in Fayetteville, Arkansas, and before leaving Hill Street, and while driving south, and a block distant from the railroad crossing, he looked in both directions for a train, and then drove on in the direction of the railroad.    He looked south no more until after he had driven on the railroad, when it was too late.    The train of the defendant struck and killed the horse and destroyed the wagon and harness, and the driver left the track as the train struck the horse, barely making his escape.    The train was in full view before he drove on the track, and, had he looked south before driving on the track, he would have seen the train and avoided the accident.    He was guilty of contributory negligence and appellant is not liable for damages.    *Tiffin* v. *St. Louis, I. M. & S. Ry. Co.,* 78 Ark. 55; *Railway Co.* v. *Cullen,* 54 Ark. 431; *Railway Co.* v. *Tippett,* 56 Ark. 457; *St. Louis, I. M. & S. Ry. Co.* v. *Martin,* 61 Ark. 549; *Martin* v. *Little Rock & Ft. S. Ry. Co.,* 62 Ark. 156; *St. Louis, I. M. & S. Ry. Co.* v. *Taylor,* 64 Ark. 364; *Little Rock & Ft. S. Ry. Co.* v. *Blewitt,* 65 Ark. 235; *St. Louis & S. F. R. Co.* v. *Crabtree,* 69 Ark. 134.    Appellee

sues in this action for the value of the horse, wagon and harness. He is not entitled to recover.

Judgment is reversed, and cause is remanded for a new trial.