BEARDSLEY v. HILL.

Opinion delivered February 7, 1903.

TAX TITLE—CONFIRMATION.—To entitle one to oppose confirmation of a tax title, he is not required to show anything except that he claims some interest in the land in question and that cause exists why the title should not be confirmed.

Appeal from Howard Chancery Court.

JAMES D. SHAVER, Chancellor.

Reversed.

W. C. Rodgers, for appellant.

Equity does not favor forfeitures. 38 Ark. 285; 68 Ark. 505, 524; 7 Leigh, 22, 24; 15 Wall. 146; 67 U. S. 13; 144 U. S. 384; 13 S. E. 439. He who claims a forfeiture must show exact compli-

ance with the law. 15 Ohio, 134, 149; 43 N. Y. 107; 43 N. J. L. 270; 13 S. E. 439. The deed is void for uncertainty in the description of land. 30 Ark. 657, 659; 59 Ark. 462, 470; 90 Ky. 393; s. c. 14 S. W. 375; 34 Ark. 534; 50 Ark. 585, 488; 14 How. 76; 42 Atl. 358; 39 Cal. 670; 67 Miss. 278; s. c. 7 So. 74; 29 S. W. 74; 120 Mo. 61; s. c. 25 S. W. 531; 123 Mo. 21; s. c. 27 S. W. 528; 90 Ky. 393; s. c. 14 S. W. 375; 79 Fed. 721; 48 Ark. 419, 425; 60 Ark. 487; 63 S. W. 799; 74 Miss. 164; s. c. 21 So. 150; 54 Ia. 52; s. c. 6 N. W. 136; 76 Ia. 292; s. c. 41 N. W. 21; 82 Ia. 240; s. c. 47 N. W. 1075; 54 Ia. 52; 13 Wis. 641; 55 Miss. 41; 5 Ohio, 290; 43 Kan. 461; 30 La. An. 293. The assessment is void for the same reason. 48 Ark. 484; 47 Cal. 427; 16 Ohio, 24; 2 N. Dak. 141; s. c. 49 N. W. 724; 26 Minn. 212; 2 N. W. 495; 15 Ohio, 134; 13 Wis. 641; 57 Ia. 320; s. c. 10 N. W. 740; 20 Cal. 595; 31 Cal. 196; 58 Mo. 518; 56 Ark. 172, 178; 39 S. E. 649. The advertisement of sale was insufficient. 9 N. Dak. 538; 88 N. W. 97, 99. Evidence *aliunde* may be introduced to explain the meaning of terms used, but not to show that lands not described were meant to be included. 60 Ark. 407, 489; 68 Miss. 447; s. c. 10 So. 40; 76 Miss. 283; 1 Ga. Ev. 300; 70 Miss. 276; 32 Minn. 440; 66 Tex. 27; 71 Tex. 602; 77 N. C. 172; 29 Ark. 489; 99 Ga. 791; 57 Ia. 320; 23 Wis. 102. *Caveat emptor* applies to tax deeds. 58 Neb. 37; 87 N. W. 351; 43 N. Y. L. 290. The deed is not even color of title. 50 Ark. 484, 491; 35 Ark. 387.

*W. V. Tompkins* and *D. B. Sain,* for appellee.

A court of equity, having jurisdiction of parties and subject matter, will settle all issues. 57 Ark. 527. Appellant is cut off by adverse possession. 68 Ark. 430; 53 Ark. 420; 22 Ark. 475; 13 How. 477; 50 Ark. 340; 20 Ark. 511; *Id.* 544; 60 Ark. 166; 24 Wend. 604; 33 Ark. 155. A tax deed, fair on its face, is sufficient color of title. 77 Ill. 585; 89 Ill. 190; 18 How. 50; 102 U. S. 471; 71 Md. 283. A void tax deed is color of title in Arkansas. 12 Ark. 823; 20 Ark. 512; *Id.* 546; 21 Ark. 371; 76 Am. Dec. 403. It was proper for the court to settle all questions in the case, legal as well as equitable. 14 Ark. 56; 1 Ark. 31; 34 Ark. 410; 35 Ark. 565; 2 Ark. 168; 42 Ark. 443; 37 Ark. 286; 46 Ark. 25.

BATTLE, J.   J. B. Hill instituted proceedings to confirm a tax title to the following lands in Howard county, in this state: The

middle ⅓ part of the S. E. ¼ of the N. W. ¼ of section 26, township 9 south, range 27 west, containing 13⅓ acres, the middle ⅓ part of the S. W. ¼ of the N. E. ¼ of section 26, township 9 south, range 27 west, containing $^{92}/_{100}$ acres, and the west half of the middle ⅓ part of the S. E. ¼ of the N. E. ¼ of section 26, township 9 south, range 27 west, containing six acres. They were assessed for taxation, were forfeited to the state on account of the non-payment of the taxes of 1894, and were sold and conveyed to J. B. Hill by the commissioner of state lands of this state by the following description:.

Middle ⅓ part of SE. NW. sec. 26, tp. 9 s., r. 27 west, 13⅓ acres.

Middle ⅓ part SW. NE. sec. 26, tp. 9 s., r. 27 west, 9.2 acres.

West ½ middle ⅓ part SE. NE. sec. 26, tp. 9 s., r. 27 west, 6 acres.

Catherine A. Beardsley opposed the confirmation, and showed that she was the owner of the lands at the time they were returned forfeited to the state. No evidence was adduced to show that she ever parted with the title. It was proved that Hill held a part of the land said to be in controversy adversely for two years before such proceedings were instituted.

The court found and decreed as follows: "The court further finds that the forfeiture to the state of the lands claimed by the remonstrant (Beardsley) was void and of no force, and that the deed relied upon by the petitioner and made an exhibit to the petition is void for uncertainty of description of the land attempted to be described therein, except that it is sustained and confirmed as to the land herein found to have been actually occupied under enclosure by the petitioner or his privies for the time of two years before the filing of this petition to confirm," (which is the land held by the petitioner as before stated). Catherine A. Beardsley appealed.

The proceedings prescribed by the statutes for the confirmation of the sale of land mentioned in chapter 25 of Sandels & Hill's Digest are special. It is not a proceeding by one party against another. On the contrary, there can be no confirmation, by such proceeding, "of the sale of any lands that are in the actual possession of any person claiming title adverse to the petitioner." The proceedings are commenced by the party who seeks confirmation of

a sale publishing a notice, in which he states "the authority under which the sale took place, and gives the description of the land purchased and the nature of the title by which it is held," and calls "on all persons who can set up any right to the lands so purchased in consequence of any informality or any irregularity connected with such sale to show cause * * * why the sale so made should not be confirmed." After this a petition for confirmation is filed. On the trial of the cause the petitioner exhibits "to the court the tax receipts showing the payment of the taxes for at least three successive years, and the deed or deeds under which he claims title, or the record thereof, or a certified copy or copies from the record, and oral or written proof by one or more witnesses acquainted with the lands, showing that no one is in possession claiming adverse to the petitioner." "If the deed or deeds are in proper legal form and properly executed, and the tax receipts show payment of the taxes, and if the evidence shows that no one is in possession adverse to the petitioner, then, in case no one has appeared to show cause against the prayer of the petition, the petition is taken as confessed, and the court" renders a decree "confirming the sale in question." In case any person or persons claiming title to the land oppose the confirmation of sale, the court "tries the validity of the sale, and, if valid, confirms it, but, if the sale has been made contrary to law, the court" annuls it. Sand. & H. Dig. c. 25. The issues to be tried and the judgments to be rendered are prescribed by the statutes. The only question involved in this proceeding is, is the sale in controversy valid? The statutes do not authorize the court to try any other issues. The rights acquired by or incident to possession are not involved in or affected by the proceedings. *Buckingham* v. *Hallett,* 24 Ark. 519.

The party opposing confirmation is not required to show a valid title to any part of the land. No condition of this kind can be imposed upon his right to oppose confirmation, or made necessary to defeat confirmation wholly or in part. He is not required to show anything, except he can claim some interest in the land in question, and show cause why the sale of it should not be confirmed.

In *Thweatt* v. *Howard,* 68 Ark. 430, it is said: "If no one claiming adversely is in possession, and the other conditions prescribed by the statute are complied with, and any one claiming title to the land opposes the confirmation of the sale, then it is the duty of the court to try the validity of the sale. No investigation or

inquiry into the validity of the title of the person opposing confirmation is required by the statute. The person claiming title must, however, do so in good faith. He should not be permitted to contest the validity of the sale solely for the purpose of defeating confirmation. The privilege granted to him is for the purpose of enabling him to protect his interest in the land; and it is necessary and sufficient for him to allege and prove such a state of facts as will show that he might claim in good faith some interest in or right to the land."

In the case at bar the person opposing confirmation, Catherine A. Beardsley, proved a state of facts which showed that she might at least claim in good faith some interest in or right to the land purchased from the commissioner of state by the petitioner; that the forfeiture of the lands to the state for taxes was void because the description by which it was assessed for taxation and forfeited was insufficient; and that the conveyance of it by the state to the petitioner was void for the same reason. Yet the court, in effect, refused to annul the sale as to a part of the land, because Beardsley did not prove that she had a valid title to all of it, but held that petitioner had acquired title to a part of the land by adverse possession, and thereby determined a question that was not legally involved or presented by the proceeding.

Reversed and remanded, with instructions to the court to render a decree in accordance with this opinion.