## ALEXANDER *v.* CAPPS.

### Opinion delivered October 30, 1911.

1. TAXATION—RIGHT TO CONTEST CONFIRMATION OF TAX TITLE.—Under Kirby's Digest, sec. 671, providing that, "in case any person or persons claiming title to the land oppose the confirmation of sale, then the court shall try the validity of the sale," etc., one who has color of title, and in whose name the taxes have been assessed, and who has paid taxes on the land, has such an interest in the land as will entitle him to oppose confirmation. (Page 493.)

2. SAME—CONFIRMATION PROCEEDING—ISSUE.—Where a person having color of title to land opposes confirmation of a tax title thereof, the only issue involved is, was the tax sale valid? (Page 493.)

3. SAME—SUFFICIENCY OF LEVY OF SCHOOL TAX.—Under Kirby's Digest, sec. 7595, providing that "all taxes voted for school purposes by any school district shall be levied by the county court at the same time the county taxes are levied," etc., no levy of school taxes is shown where the records of the county court show that the court ascertained that the school district voted a tax of 5 mills for school purposes, but do not show that the court proceeded to levy the tax. (Page 494.)

4. SAME—CONCLUSIVENESS OF RECORDS OF LEVYING COURT.—Whether the county levying court levied a school tax in a certain district must be determined by the records of that court, and not by the depositions of the officers who composed the court. (Page 494.)

5. SAME—VALIDITY OF TAX SALE.—Where the records of the county court do not show a proper levy of the school tax in a certain district, a tax sale which includes such school tax is void. (Page 495.)

Appeal from Boone Chancery Court; *T. Haden Humphreys,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

The appellant seeks to confirm a tax title to a certain tract of land in Boone County, Arkansas. He alleges that the land

was duly sold on the 12th day of June, 1905, for nonpayment of the taxes for 1904, and that he purchased same; that there was no redemption, and the county clerk of Boone County on the 14th day of June, 1907, executed to him a deed for the land; that there was no person in possession of the land claiming adverse title, the same being vacant and unoccupied; that he had paid the taxes for the three years before filing his petition, and that two payments had been since the expiration of the right of redemption; that he had given notice as the law requires of his petition of confirmation. He prayed that his title be confirmed.

The appellees resist the confirmation, and in their amended answer set up that they were the joint owners, and deny that appellant had any title. They set up that the tax title claimed by appellant was void for various reasons, and, among them, "that the lands were sold to E. S. Alexander at a pretended sale on June 12, 1905, and that they were sold for a five-mill school tax at that time to the plaintiff (appellant) for the year 1904, and that no school tax was levied for that year by the county court of Boone County, Arkansas, for the October term of said court."

Appellees exhibited with their answer a copy of redemption certificate issued on September 5, 1907, showing that appellee M. E. Guffey had paid the taxes on the land for the years 1905 and 1906. Appellees alleged that they had tendered appellant all the back taxes and costs with ten per cent. interest per annum, and that appellant refused to accept.

The appellant read in evidence the clerk's tax deed, which was in the form prescribed by the statute, describing the land and reciting that it was sold on the second Monday in June, 1905, for the taxes of 1904; that there had been no redemption, and conveying the land to appellant. Appellant also introduced in evidence the tax receipts for the years 1906, 1907, 1908, and 1909, and affidavits showing that there was no one in possession holding adversely to appellant.

Appellees introduced in evidence an agreed statement of facts, showing the following:

That the lands described in plaintiff's petition for confirmation were exposed for sale on the 12th day of June, 1905, by the tax collector of Boone County for the taxes for the year

1904; that amongst other things there was included in the amount of taxes for which said land was sold a five-mill school tax, being 2½ mills for general school purposes and 2½ mills for building purposes. Said land is in school district No. 97, and was assessed in name of M. E. Guffey for year 1904. That there is attached to and made a part of this agreed statement of facts a certified copy from the records of the levying court of Boone County for the October, 1904, term, showing the report of the committee appointed by the judge to report on the school tax voted by the various districts; and that the names signed to said report are the persons constituting the committee so appointed. That there is no further record with reference to the school tax levy in the record of the proceedings of said levying court.

The report of the committee above mentioned showed that in May, 1904, in School District 97, five mills were voted for school purposes. Appellees also introduced in evidence a warranty deed from Gresham P. Hoyt to M. E. Guffey, one of the appellees, for the land in controversy.

Appellant in rebuttal introduced depositions of members of the levying court of Boone County, Arkansas, showing that the levying court for the October term, 1904, appointed a committee to ascertain the amount of school taxes voted in each school district for the year 1904, and the committee reported that a tax of 2½ mills for school purposes and 2½ mills for building purposes had been voted in District 97; that the levying court, as was its custom, proceeded to levy the tax reported by the committee upon the taxable property in the various school districts, and that a tax of five mills was levied in school District 97. "To make the levy," as the witnesses testified, "it was moved and seconded that the amount of tax as shown by the report of the committee be levied on the taxable property of the various school districts of the county; motion carried." It was shown "that the report of the committee would not have been spread upon the records of the court if the amounts therein mentioned had not been levied by action of the levying court." The court found as follows:

That the land described in the petition of plaintiff, towit: The N. W. ¼ of the N. W. ¼, Sec. 20, Twp. 21, Rg. 20, in Boone County, Arkansas, was assessed for taxes in the year 1904 in

the name of M. E. Guffey; that said land was returned delinquent, and was on the 12th day of June, 1905, sold by the collector of revenue to E. S. Alexander, and that said sale was in form regular. That at the expiration of two years from the date of said sale, no one having applied to redeem said land, the clerk executed his proper deed to said land to said E. S. Alexander, and the said E. S. Alexander has paid the taxes for three consecutive years, towit: 1907, 1908, 1909, two such payments having been made since the time of redemption expired. That said petitioner had published proper notice of his intended application for confirmation of said tax sale in the *Harrison Republican*, a weekly newspaper published in Boone County, and having a *bona fide* circulation therein, for s'x weeks, the first publication being the 2d day of June, 1909, the last one being the 14th day of July, 1909, and more than twenty days before the first day of the present term of this court, in manner and form required by law. That a portion of the tax so returned delinquent upon said land, and for which said sale was made, was a 5-mill school tax. That no levy of a school tax for the said year 1904 was properly made by the'levying court of Boone County, and that said tax sale was and is void. And that the defendant, M. E. Guffey, has sufficient interest in said land to contest the confirmation of said tax sale.

Upon these findings the court entered a judgment denying the prayer of appellant, and in favor of appellees for costs.

*E. S. Alexander, pro se.*

1. The one deed from Hoyt to M. E. Guffey is not a sufficient showing of interest in the appellees to entitle them to be made parties to this proceeding. They should trace a chain of title back to Government or to a common source. "A deed, other than from the Government, is not of itself alone evidence of title." 64 Ark. 100, 103; 72 Ark. 65; 10 Am. & Eng. Enc. of L., (2 ed.) 484; 236 Ill. 450; *Id.* 169; 86 N. E. 116; Abbott's Trial Evidence, 891; 91 S. W. 336; Kirby's Dig., § 7105.

2. Appellees are estopped to contest the validity of the tax sale. Having in their first answer rested their right to intervene and contest the confirmation of appellant's title

solely on the ground that they had made a due effort to redeem, they will not be permitted by an amendment to contest the validity of the tax sale. The positions are inconsistent. 71 Ark. 121; 52 Ark. 145. Moreover, the validity of a tax levy can not be attacked after two years from date of sale. Kirby's Dig., § 7114; 46 Ark. 107.

3. The tax sale was valid. The clerk's tax deed is *prima facie* evidence of everything necessary to constitute a valid title in appellant. Kirby's Dig., § 7104; 81 Ark. 325; 59 Ark. 209.

If appellees' claim that the tax levy was not properly recorded was true, it would be immaterial, because the validity of a judgment is not affected by failure to enter it of record. 57 Ark. 187; 59 Ark. 592; 69 Ark. 51. But the record of proceedings of the levying court shows not only that it made the school tax levy, but also exactly what that levy was. The levying court having ascertained the facts as set out in the school committee's report, there was no further discretion on the part of the levying court which it could exercise, but the law imperatively required it to make the levy in accordance with the facts. Kirby's Dig., §§ 7678, 7594, 7595; 1 Cooley on Taxation, 581, 582.

There is here no "entire omission to * * * levy the taxes," as required by the statute, Kirby's Dig., § 7105, to be proved, in order to sustain appellees' contention.

*W. F. Pace* and *Troy Pace* for appellees.

1. There is a sufficient showing of interest to entitle appellees to oppose confirmation. Kirby's Dig. § 671; 71 Ark. 211; 74 Ark. 578.

2. Appellees are not estopped by their pleadings. There is no allegation that they are entitled to redeem from the sale, nor prayer that they be permitted to do so.

3. The sale was invalid because no school tax was properly levied. Kirby's Dig. §§ 1496, 1498, 1499, 7590-7593, 7594, 7595; 33 Ark. 721; 32 Ark. 131; 29 Ark. 340; 42 Ark. 100. The recitals of the tax deed, while taken as *prima facie* true, are not conclusive, and may be disproved by competent evidence. 21 Ark. 378; 30 Ark. 732; *Id.* 278; *Id.* 101; 21 Ark. 145.

4. Appellant did not by demurrer or by motion to strike raise the question in the lower court that the validity of a tax

levy can not be attacked after two years from date of sale, and will not be permitted to raise it here; but the statute, Kirby's Dig. § 7114, does not cut off any meritorious defense to a tax deed.    53 Ark. 204;  46 Ark. 96;  32 Ark. 131;  55 Ark. 192.

WOOD, J., (after stating the facts).    First:  The statute provides that:  "In case any person or persons claiming title to the land oppose the confirmation of sale, then the court shall try the validity of the sale, and, if valid, confirm it, but, if the sale has been made contrary to law, the court shall annul it."    Sec. 671, Kirby's Digest.

Under this statute, if any one "allege and prove such a state of facts as will show that he might claim in good faith some interest in or right to the land," he may resist confirmation, and by so doing make it the duty of the court to "try the validity of the sale."    He is not required to show a valid title, but can assert, in good faith, a claim of title and avail himself of the privilege of resisting the confirmation. *Thweatt* v. *Howard*, 68 Ark. 430; *Beardsley* v. *Hill*, 71 Ark. 211.    One who has color of title, and in whose name the taxes have been assessed, and who has paid taxes on the land, may in good faith claim that he has an interest in the land, and these facts will give him such an interest as will entitle him to oppose confirmation under the above statute.

Taxes are a lien on the particular land upon which they are assessed, and whoever discharges the State's lien by the payment of those taxes certainly has an interest in the land, to the extent of the amount of taxes paid.    Sections 7112, 7113, Kirby's Dig.; *Belcher* v. *Harr*, 94 Ark. 221; *Seldon* v. *Dudley E. Jones Co.*, 89 Ark. 234; *Merrick* v. *Hutt*, 15 Ark. 337.

This interest itself is sufficient to enable him to invoke the privilege of opposing confirmation granted by the statute.

Second:  The only issue involved in this proceeding is, was the sale, under which appellant claims, valid? *Beardsley* v. *Hill, supra.*    As we construe the pleadings on the part of appellees, they only seek to prevent the confirmation of appellant's alleged title.    There is no effort on their part to redeem from the tax sale.    While they do ask that the "cloud over defendant's title be removed and that plaintiff's tax title be cancelled," the court did not grant them any affirmative relief, and it would have been improper in this proceeding

·for the court to have done so. Appellees are not estopped
by their pleading to call in question the validity of the tax
title of appellant, and to have the court determine that as the
only issue in the case.

Third: The finding of the chancery court that no levy
of a school tax for the year 1904 was properly made by the
levying court is correct. True, the appellant's deed was
*prima facie* evidence of a valid title in appellant (Kirby's Dig.,
§ 7104; *Alexander* v. *Bridgford,* 59 Ark. 209; *Sawyer* v. *Wilson,*
81 Ark. 325), but such recitals are only *prima facie* evidence.
*Cairo & F. Rd. Co.* v. *Parks,* 32 Ark. 131. Here the records
of the levying court for the October term, 1904, do not show
that any taxes for school purposes were levied by such court
as the law requires. Sec. 7595, Kirby's Digest, provides,
among other things, that "all taxes voted for school purposes
by any school district shall be levied by the county court at
the same time the county taxes are levied," etc. But the re-
cords of the levying court that were put in evidence in this
case (and the only records there were "with reference to the
school tax levy") only show that the levying court ascertained
that School District Number 97 had voted a tax of 2½ mill
for school and a tax of 2½ mills for building, or a total tax of
5 mills for school purposes. But the records do not show that
the court proceeded to levy the tax according to the amount
voted as the law requires. *Murphy* v. *Harbison,* 29 Ark. 340.

The testimony by deposition of members of the levying
court to the effect that such school taxes were levied in the
manner required by the statute was clearly incompetent. The
statutes regulating the levying of taxes require that the vote
shall be taken, and that the clerk shall keep in the county
court record a fair written record of the proceedings of said
court, and the names of those members of the court voting in
the affirmative and of those voting in the negative on all prop-
ositions or motions to levy the tax. Secs. 1496, 1498, Kirby's
Digest.

If the school tax of 5 mills had been levied, that fact could
·only be shown by the record. As was said by this court in
*Hodgkin* v. *Fry,* 33 Ark. 716-721, quoting from the Supreme
Court of Michigan: "Every essential proceeding in the
course of the levy of taxes must appear in some written and

permanent form in the record of the bodies authorized to act upon them." *Moser* v. *White*, 29 Mich. 59. See also *Taylor* v. *State*, 65 Ark. 595; *Logan* v. *Land Co.*, 68 Ark. 248; *Martin* v. *Barbour*, 140 U. S. 634. It was proper for the report of the committee appointed by the court to report on the amount of taxes voted by the various school districts to be spread upon the records of the levying court; that was but a part of the proceedings of the court required to be spread upon the record. But the fact of this report having been spread upon the record falls far short of showing that a majority of the members of the levying court, or that the members unanimously, voted to levy the tax. This had to be shown by the record. There is no record showing whatever that any vote was taken by the members of the levying court to levy the tax or to adopt the report of the committee and thereby vote the tax. The recording of the report did not, *ipso facto*, levy the tax. That could only be done by a vote of the members of the levying court. Secs. 1496, 1498, 1499, Kirby's Digest. To be sure, if the record had shown that the members of the levying court had voted unanimously to levy the tax, then it would have been unnecessary to give the names of the members voting for the levy. *Hilliard* v. *Bunker*, 68 Ark. 340. But the record does not show that there was a vote at all upon the question.

As there was no record evidence that the tax was levied, the court was correct in finding there was no proper levy, and that the tax sale was therefore void.

Fourth: Appellant did not invoke the limitation provided by section 7114, Kirby's Digest, in the court below, and therefore should not now be allowed the benefit of that section, even if it applied. Besides, the statute does not apply to a case where the tax sale is void because of a failure to levy the taxes.

Fifth: This is purely a statutory proceeding to confirm a tax title, and the only issue, as we have said, was the validity of the alleged sale under which appellant claims. Neither the parties nor the pleadings warranted the court in converting it into an adversary suit to have deeds cancelled and a lien declared against the lands for taxes paid.

The judgment is affirmed.