## MORRIS *v.* LEVY LUMBER COMPANY.

### Opinion delivered May 20, 1912.

TAXATION—TAX TITLE—SUFFICIENCY OF LEVY.—Where the record of the
levying court shows simply that the court proceeded to levy the taxes ,
without showing that a majority of the court participated therein, or
showing the names of those who voted in the affirmative or in the nega-
tive on the proposition, the levy was void, and a purchaser at tax sal
based thereon acquired no title.

Appeal from Crittenden Chancery Court; *Edward D.
Robertson,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

This is a suit by the appellee against the appellant to can-
cel certain tax deeds held by the latter under a sale of a certain
tract of land in Crittenden County made in June, 1907, for
the taxes of 1906, and under a sale made in June, 1908, for
the taxes of 1907. The amended complaint set up that the
sales were invalid and the deeds void, among other things,
for the following reasons:

"2. Because the record of the levying court does not
show the names of the justices voting for the levy of county
taxes' nor the names of members of the court voting in the
affirmative and those voting in the negative on the proposition
to levy (a) the county general tax; (b) the county road tax;
and (c) the district school tax."

The appellee deraigned title from the Government, and asked that the deeds held by the appellant under the sales mentioned be set aside as a cloud on its title.

By agreement, a copy of the minutes of the quorum court held on the 7th day of October, 1907, was introduced in evidence, showing that the county judge and a majority of the magistrates of the county were present, the county judge presiding, the sheriff and collector and the clerk of the court reporting, the signing of the record by the county judge presiding and a majority of the justices. The minutes showed the following: That "the court proceeded to levy the taxes, State, county and road, upon the real and personal property assessed, amounting in the aggregate to the sum of $............ ..........." Then follows the amount in mills of the levy for general revenue, common school, pension, capital, for State purposes, and for county purposes. The record was the same for the year 1906.

*A. B. Shafer,* for appellant.

The sale is not void because the record of the levying court does not show the names of the justices voting in the affirmative and negative on the proposition to levy the tax. 68 Ark. 340; 140 S. W. 722. If the levying court is a superior court of record, the presumptions are in favor of the regularity of its proceedings; and, such being the case, the presumption is, in the absence of a contrary showing, that the vote for the appropriation was unanimous. 76 Ark. 451, 456; 56 Ark. 260; Kirby's Dig., § § 7104, 7105.

*Rose, Hemingway, Cantrell & Loughborough* and *R. E. Wiley,* for appellee.

The failure to enter on the record the names of the justices voting on the tax levy renders the sale void. Kirby's Dig., § § 1494 to 1507; Cooley on Taxation, (3 ed.) 46-7, 546, 549; 37 Cyc. 965, 967; 213 Ill. 497; 22 Mich. 104; 49 Mich. 69; 40 Ark. 105; 88 N. W. 90; 61 Ark. 226; 33 Ark. 17. The holding in *Hilliard* v. *Bunker,* 68 Ark. 340, and *Alexander* v. *Capps,* 100 Ark. 448, by necessary implication is that, in the absence both of a showing of the names of those voting and of a unanimous vote, the record would be insufficient and the levy void.

Wood, J., (after stating the facts). The record of the levying court does not show that the taxes were levied ac-

cording to the requirements of the statute, as found in chapter 46 of Kirby's Digest, sections 1494 to 1507.

Section 1496 provides that the county judge, as the presiding officer of the court, "shall put all motions and submit all questions proposed by any member thereof, and shall be entitled to a vote, and a concurrence of a majority of said court shall be necessary in every case to a decision."

Section 1498 provides that the clerk "of the circuit court, in person or by deputy, in his capacity as clerk of the county court, shall attend the sitting of said court and keep in the county court record a fair written record of the proceedings of said court, and the names of those members of the court voting in the affirmative and of those voting in the negative on all propositions or motions to levy a tax or appropriate any money shall be entered at large on said record."

This court in *Alexander* v. *Capps*, 100 Ark. 488, said (quoting from the Supreme Court of Michigan): "Every essential proceeding in the course of the levy of taxes must appear in some written and permanent form in the record of the bodies authorized to act upon them." Citing *Hodgkin* v. *Fry*, 33 Ark. 716, where the quotation was first used by this court. In that case, speaking of the report of the committee appointed by the court to report on the amount of taxes voted by the various school districts, we said: "It was proper for the report to be spread upon the records of the levying court." Continuing: "That was but a part of the proceedings of the court required to be spread upon the record." But the fact of this report having been spread upon the record falls far short of showing that a majority of the members of the levying court, or that the members unanimously, voted to levy the tax. This had to be shown by the record. There is no record showing whatever that any vote was taken by the members of the levying court to levy the tax or to adopt the report of the committee and thereby vote the tax. To be sure, if the record had shown that the members of the levying court had voted unanimously to levy the tax, then it would have been unnecessary to give the names of the members voting for the levy." Citing *Hilliard* v. *Bunker*, 68 Ark. 340. "But the record does not show that there was a vote at all upon the question. As there was no record evidence that the tax was levied,

the court was correct in finding there was no proper levy, and that the tax sale was therefore void."

The record in the instant case does show that the court "proceeded to levy the taxes," but this record entry falls short of showing how the levy was made. We said in the above case that the taxes could only be levied by a vote of the members of the levying court. The record here does not show that the taxes were levied by a vote of the members. It does not show that any vote at all was taken, much less that it was taken in the proper manner.

Now, the function of levying taxes by the levying court is in no sense judicial, but is rather that of a legislative or administrative function delegated to that court by the Legislature, whose supreme function and power it is to authorize the levy of taxes. The presumption that everything was rightly and correctly done that obtains in judicial proceedings by the courts does not apply to the levying court in its purely administrative function of levying taxes. In order to validate a tax levy, it is essential that it be done in the manner prescribed by the statute, and this should be shown in the manner therein prescribed.

In *Steckert* v. *East Saginaw*, 22 Mich. 104, the charter of East Saginaw provided: "The votes of all the members of the common council shall be entered at large on the minutes, in relation to the adoption of any resolution or ordinance for taxing or assessing the citizens." The question passed upon there was similar in principle to that involved here, and Judge Cooley, speaking for the court, said: "The provision was designed to accomplish an important public purpose, and it can not be regarded as immaterial nor its observance dispensed with. * * * One purpose is to make the members feel the responsibility of their action when these important measures are upon their passage, and to compel each member to bear his share in the responsibility, by a record of his action which should not be afterwards open to dispute." See also *Pontiac* v. *Axford*, 49 Mich. 69.

Of course, if the record in this case had shown that the levy of taxes was voted on, and that same was levied by a unanimous vote, it would not have been necessary to have specified the names of those voting for the levy. *Hilliard* v.

*Bunker*, 68 Ark. 340. But such is not the case here. There is nothing to show that the members voted for the levy. The signing of the minutes reciting that the court "proceeded to levy the taxes" is not sufficient to show that there was a unanimous vote by the members present to levy a tax, or that the taxes were levied at all by a vote of the members.

We need not consider the various other objections urged against the tax sales, and the reasons assigned for the cancellation of the deeds based thereon, since we are of the opinion that the failure to comply with the provisions of the statute mentioned invalidates the sales. These provisions are mandatory, and strict compliance is essential to the validity of a tax sale.

The judgment of the chancery court is correct, and it is therefore affirmed.