## BLAKEMORE *v*. BROWN.

### Opinion delivered February 23, 1920.

1. SCHOOLS AND SCHOOL DISTRICTS—TAX LEVY.—Where a levy for district school taxes exceeded the amount voted by the district, the levy is void.

2. APPEAL AND ERROR—BURDEN OF PROVING ERROR.—Where appellee relied on a tax title which appellants attacked on the ground that the levy of district school tax exceeded the amount voted by the district, and the statement in appellee's brief that the lands involved were not in the school district was uncontroverted, it will be presumed to be true.

3. SCHOOLS AND SCHOOL DISTRICTS — QUORUM COURT — ENTRY OF NAMES OF MEMBERS.—Kirby's Digest, section 1498, providing that the names of those members of the county court voting in the affirmative and of those voting in the negative on all propositions to levy a tax shall be entered on the record of the quorum court, is mandatory.

4. SCHOOLS AND SCHOOL DISTRICTS — QUORUM COURT — VOTE ON
    SCHOOL TAX.—Where the record of the quorum court recited that
    a quorum of the justices were present, naming them, and that
    all the justices concurred in a levy of a certain district school
    tax, this was a sufficient compliance with Kirby's Digest, section
    1498.

Appeal from Prairie Chancery Court, Northern
District; *John M. Elliott,* Chancellor; affirmed.

*Brundidge & Neelly,* for appellants.

The tax sale was illegal and void because the school
taxes were not properly levied by the county court.
100 Ark. 494; 29 *Id.* 340. There is no record evidence
that the tax was even levied. 103 Ark. 581.

*F. E. Brown,* for appellee.

The record shows a substantial compliance with our
statutes and previous decisions as to the levy of the
taxes. 68 Ark. 340; 100 *Id.* 488; Kirby's Digest, §§
1499, 7594-5, 7678. It does not appear in the record that
the land was in the school district, and it was not.

McCulloch, C. J. This action involves an attack
on the validity of a tax sale under which appellee asserts
title to the tract of land in controversy. There were nu-
merous grounds for the attack stated in the complaint,
but all of them appear to have been abandoned except
the one that the sale was void for the reason that the
school taxes were not properly levied by the county court.

The record of the proceedings in the county court
showing the levy of the school taxes for the year men-
tioned was introduced, and it appears from the face of
that record that in one of the school districts the tax was
not voted for the full amount which the court levied.
This, of course, would render void the sale of lands cov-
ered by that levy, but appellee calls attention in the brief
to the fact that it does not appear in the record now be-
fore the court that the tract of land in controversy was
situated within the school district mentioned, and it is
positively asserted that as a matter of fact the tract is
not in that district. It is true that there is nothing in

this record, as abstracted, to show that the land in controversy is in school district No. 54, the one to which the record of the county court relates. If we could take judicial knowledge of the location of particular tracts within the boundaries of a school district (which we do not decide), it is unnecessary for us to attempt to make our theoretical knowledge real by proper investigation since appellant has not challenged the statement of appellee in his brief that the tract of land in controversy is not within that school district. We should assume, therefore, without investigation, even if we could take judicial knowledge of the fact, that appellee's statement is correct, for it devolves on appellant to show that the decree is erroneous.

It is further contended, however, that the record of the county court introduced in evidence in this case shows that there was no valid levy of school taxes in any of the districts of the county, and that the sale of the tract of land in controversy was void, whether it was situated in School District No. 54 or in some other district.

The statute (Kirby's Digest, § 1498) provides, with respect to the records of county court proceedings, that "the names of those members of the court voting in the affirmative and of those voting in the negative on all propositions or motions to levy a tax or appropriate money shall be entered at large on said record."

We have decided that this provision of the statute is mandatory, and that a levy of taxes or the appropriation of funds by the quorum court is void unless the record shows affirmatively the names of the members of the court voting on the question. *Hilliard* v. *Bunker*, 68 Ark. 340; *Alexander* v. *Capps*, 100 Ark. 488; *Morris* v. *Levy Lumber Co.*, 103 Ark. 579.

The record in this case discloses an opening order of the quorum court on the day the tax levies were made, reciting the names of the justices of the peace present, and that those present constituted a majority of the jus-

tices of the peace of the county. Under the heading of
"School Tax Levy" there was a recital that the court
took up "the matter of levy of school tax for the vari-
ous school districts" voted on at the district school meet-
ings, that the "same are presented to the court and all
of the justices and are by them examined, and the result
of said election held in each is by the court and justices
ascertained, and from which the court and justices
finds that said school districts have voted the following
levy for the purposes hereinafter set forth as follows:"
Then follows a list of the several school districts, giv-
ing the amount of tax voted at the school meetings.
Then follows the order relating to levy of tax in district
No. 54, and the concluding sentence of the order of the
court on this subject is as follows:

"It is further considered, ordered and adjudged by
the court, all of the justices concurring, that a levy of
special tax on all school districts in the county other
than School District No. 54, be and the same is hereby
made respectively as herein set forth for the year 1914."

It is therefore seen from the above that there is a
recital of the presence of a majority of the justices of
the peace, giving their names, at the time the school tax
was levied, a recital of the amount of tax voted in each
school district, and a further recital of the order of the
court, "all of the justices concurring," that the school
tax be levied as voted in the several districts. What
more, therefore, was necessary in order to constitute an
affirmative showing on the record of the "names of those
members of the court voting in the affirmative and those
voting in the negative" on the proposition to levy the
school tax? The record must be considered in its en-
tirety, and, when thus viewed, it shows the presence of
the justices of the peace, and that they all manifested in
some form their favorable vote for the levy of the school
tax. This brings the case within the rule announced by
this court in *Hilliard* v. *Bunker, supra,* that where the
record shows affirmatively that there was a vote on the

proposition to levy taxes, that the vote was unanimous, and the record also recites the presence of a majority of the justices of the peace of the county and their names, this was a sufficient compliance with the statute.

Counsel for appellant earnestly contends, however, that the recital of a concurrence of all of the justices of the peace does not show that there was a vote on the question or that concurrence was manifested by any overt act of the justices present. It is argued that the concurring attitude of the justices may have been expressed by mere silence and that this is not sufficient compliance with the statute, which requires a vote.

This is, we think, a rather strained interpretation of the words, ''all of the justices concurring,'' as found in the record. There is, as we have already seen, a recital in the beginning that the school taxes for the various districts as certified by the county court were examined by all of the justices, and in the concluding paragraph of the order it was recited that all of the justices concurred in the order of the court levying the taxes. The use of the word ''concurring'' necessarily implied consent, evidenced in some overt way, and not a mere silent acquiescence or submission. 2 Words and Phrases, p. 1390. The use of the word ''vote'' would not carry with it any stronger implication of some affirmative act of the justices in manifesting their favorable expression.

We are of the opinion, therefore, that when the record is considered as a whole it shows sufficient compliance with the statute by giving the names of those voting on the proposition to levy school taxes.

Affirmed.