KANSAS CITY LIFE INSURANCE COMPANY v. MOSS.

4-5155

Opinion delivered July 11, 1938.

554

*M. A. Hathcoat* and *Ben Charles Henley*, for appellant.

*Cotton & Murray* and *Shouse & Walker*, for appellees.

BAKER, J. This suit was instituted by appellant to cancel a tax sale alleged to be invalid. There was a conveyance of the south 105 feet of lots 9, 10 and 11 in block 10 of the original town of Harrison. The sale was made on the 10th day of June, 1933, to the state of Arkansas, by the collector of Boone county for taxes for the year 1932.

On the 9th day of March, 1936, the Commissioner of State Lands conveyed to W. L. Moss the above described property. Mrs. Moss was made a party only because of her inchoate dower rights. The appellant was the owner of the said lands prior to the time of this forfeiture and conveyance. The appellant sets forth and argues three reasons as being sufficient to cancel the above described tax sale.

The first is that there was no warrant made or issued by the county clerk of Boone county to the collector of said county as required by and under provision in § 13763 of Pope's Digest. The second reason is that there was no substantial compliance with § 2526 of Pope's Digest, which provides that the clerk shall attend the sitting of the quorum court and keep a record fairly written of the proceedings of said court and the names of the members of same voting in the affirmative and those voting in the negative on all propositions or motions to levy

taxes or appropriate any money. The third reason urged was the failure on the part of the clerk to extend taxes for the year, 1932, as required by § 13758 of Pope's Digest.

The trial court held that these three several alleged defects in the title to said property were cured by act No. 142 of the Acts of 1935, and this appeal challenges the correctness of the trial court's decision in this respect.

It may be said by way of introduction that though any of the several reasons as urged by appellant may have been sufficient within itself to make invalid and ineffectual the tax sale unless these matters were mere irregularities or defects that could have been and were cured by aforesaid act 142. Said act was applicable in this case because its provisions were in force and had been invoked or were available for the defense in the pending suit at the time of its repeal by and under the doctrine announced in the case of *Carle* v. *Gehl,* 193 Ark. 1061, 104 S. W. 2d 445. The defense under said act was not destroyed, but continued in force under § 13284 of Pope's Digest.

There is no good reason to reargue or restate in any manner the principle so clearly announced by the late Mr. Justice BUTLER, who wrote the opinion in the above cited case. It will suffice to say that he made clear in that case the fact that act 142 cured irregularities and informalities or omissions, but that it did not cure or make valid a purported sale that was void by reason of the fact that there was a lack of power to sell.

So in this case even though we might determine that the irregularities, informalities or omissions were sufficient within themselves if unaffected by act 142 to render the sale invalid, but if there is not lacking the power to sell then such irregularities were cured by act 142 and the decree of the trial court should be affirmed, or, on the other hand, if these omissions, irregularities or informalities were such as to go or extend to the power to make the sale of the property, or prevent the exercise of that power to sell, then appellant is correct in its contention and should prevail.

In regard to the first one of these contentions made by appellant to the effect that there was no warrant made or issued by the county clerk of Boone county authorizing the collector to collect taxes we think appellant's contention is not well founded. In the case of *Deaner* v. *Gwaltney*, 194 Ark. 332, 108 S. W. 2d 600, a similar condition prevailed as in this case. That is to say, there was a stipulation by the parties trying the case that the county clerk did not attach a warrant authorizing the collection of taxes. It was held in that case that the omission on the part of the clerk was a mere irregularity or informality. Again in the case of *Gilley* v. *Southern Corporation*, 194 Ark. 1134, 110 S. W. 2d 509, this court reconsidered the question of the failure of the clerk to attach warrant in question and again decided as in the case of *Deaner* v. *Gwaltney*, *supra*, that this was mere omission or irregularity and that act 142 aforesaid was a curative act as determined in the case of *Carle* v. *Gehl*, *supra*, and on that account the defect was cured and the sale was valid. *Kirk* v. *Ellis*, 192 Ark. 587, 93 S. W. 2d 139. We must, therefore, hold that appellant's first contention was not well taken. We think it wholly unnecessary to reopen and reargue a proposition so well settled upon authority so conclusive and so eminent.

The second contention made is that the county clerk did not keep a record of the voting of the members of the quorum court showing the affirmative and negative votes of those constituting that court upon the levying of taxes.

There is no doubt about the soundness of this contention, if it were made otherwise than in the face of the curative statute the effect of which has been heretofore declared in the cases cited, nor have we any controversy with the contention of learned counsel as to the benefits intended to be guaranteed by the statute under consideration.

We are not unaware of the numerous decisions of this court in regard to the duties of the clerk in this respect, nor the declaration in the several decisions as to the wholesome purposes to be served in the matter of a record of the affirmative and negative votes of the mem-

bers of the quorum court. However mandatory this language should appear, we think it should be remembered that these duties were required by statute only. Such statutes so enacted by the Legislature, it had ample power to repeal. This particular statute did not go to the capacity or power of the court to levy the taxes, but relates solely to the evidence of the fact that a levy had been made and that evidence is lacking only in its proper certification. The objection cannot be made under the record relied upon in this case that the taxes were not in fact levied, but the objections must be urged, if at all, that there was an omission to certify properly the manner in which the tax was levied. It was mere omission of an officer to do a positive duty required by statute, but not so potent was that defect or irregularity as to destroy the power to sell. Since it is reasonably conceivable that the statute might have been so amended as to make such certification of the levy a proper one, it must be admitted under the authority of *Carle* v. *Gehl* that there was ample power to cure that defect.

Besides, act 142 specifically provides that tax sales shall not be set aside "because of any irregularity, informality or omission by any officer in the assessment of said property, etc." Section 1, act 142, Acts 1935.

The third and final reason urged for the alleged invalidity of this tax sale is that there was no proper extension of the taxes for the year 1932 on the tax records as required by § 13758 of Pope's Digest, as interpreted in *Mixon* v. *Bell*, 190 Ark. 903, 82 S. W. 2d 33. It was there held that the failure to break up taxes in their component parts and to insert or fill in the particular subdivisions of the tax books with the amounts or forms of taxes, such as county taxes, school taxes, city taxes and state taxes, together with the aggregate or total amount of all taxes was a defect fatal to a tax sale made under records so made up and having such omissions. It was there held that the confirmation act 296 of Acts of 1929 under which an effort had been made to confirm title to this property in the state, was not available to perfect the title and that the attempted sale under the tax rec-

ords as made was without power or authority and that the state acquired no title and the confirmation was not available to perfect same.

It is now argued with much force and reason that the curative act 142 of the Acts of 1935 operates much to the same effect and with like force as the confirmation act 296 of 1929. We agree with that theory in part. We find, however, that the *Mixon* v. *Bell* case, *supra,* has been modified upon a reconsideration of those statutes affecting the question. The most recent case is that of *Lambert* v. *Reeves,* 194 Ark. 1109, 112 S. W. 2d 33. A re-examination of that opinion discloses the fact that the question was approached with trepidation and some degree of doubt, and the conclusions reached therein evince a reconsideration of the entire question and a revamping of conclusions under this new viewpoint.

Without attempting to make a complete analysis of the case let it suffice to say that the first part of it is in keeping and harmony with *Mixon* v. *Bell, supra.* The court, however, of its own motion rewrote that opinion after the first opinion had been concurred in by members of the court who yielded rather than insist too strongly upon individual viewpoints. The result was the supplemental opinion. The supplemental opinion calls attention to act 172 of the Acts of 1929, and is given in Pope's Digest as § 13648, which provides that the tax commission shall prepare and furnish to the county clerks a copy for all lists, blanks and records to be used in the assessing, extending and collecting of taxes and that the county clerks shall have all such records made at the expense of the county, etc. It was held, therefore, that the section which had been interpreted as requiring an extension upon the tax books of all the various kinds of taxes to be collected had been amended and changed by necessary implication and that § 13758 is no longer in force as it was prior to the passage of act 172 of the Acts of 1929.

This act was not called to the attention of the court in *Mixon* v. *Bell* nor was it discovered upon the first consideration of the case of *Lambert* v. *Reeves, supra.* It

was held, however, in the case of *Lambert* v. *Reeves* in accordance with the authority, as we understood it, of *Mixon* v. *Bell,* that there was a failure to extend the total amount of taxes due and that the sale based upon that record was void.

It might be said in passing that although it was held in the case of *Mixon* v. *Bell* that it was necessary to break up the various taxes and insert them in the record we are holding under the amended statute that this is not necessary. The tax commission had the power and authority to provide the form of tax records to be used; so the effect of the final conclusion in the case must be that if the total taxes as required by the records as prescribed by the tax commission be made there is not lacking on that account the power to sell.

The record before us shows several blank spaces, but it is provided with a blank space for the total of state and county taxes and in this blank space was inserted the amount charged. That does not include, presumptively at least, the city taxes. There is a space left for that amount to be inserted, but it was not filled in nor was the amount of school district taxes filled in; but according to the records which we presume is in conformity with the requirements of the tax commission under the aforesaid act 172 of the Acts of 1929 the required total was set out. There is the extension of the total amount of taxes under the proper heading.

It may, therefore, be said even in this case that if the extension of taxes or total amount under the law be necessary in order to give power to make the sale then there is a substantial compliance with that provision of the law. So it must be held that act 142, as a curative act, was available under record presented here as a complete defense to the three matters urged to set aside the tax sale. The trial court was correct. Decree affirmed.