NICHOLS *v.* KESSELBERG.

4-8193                                   201 S. W. 2d 997

Opinion delivered May 12, 1947.

W. A. Leach, for appellant.

Harve Thorn and J. F. Koone, for appellee.

Ed. F. McFaddin, Justice. This appeal comes from an unsuccessful effort to annul a state deed of certain land in Prairie county.

The landowner, Union Planters National Bank & Trust Company, suffered the lands to be sold to the state for the taxes for the year of 1933. In 1938, the state's title was confirmed under Act 119 of 1935; and in July, 1941, the appellee purchased the land from the state, and has paid all taxes subsequently due. In October, 1941, appellant received a quitclaim deed from Union Planters National Bank & Trust Company; and in February, 1946, filed this suit to have canceled the deed from the state to the appellee, which deed was based on the 1933 tax sale, and the 1938 confirmation decree. The complaint alleged a tender of all taxes.

The appellee defended the validity of the tax sale, and the confirmation and the state deed; and a trial in the chancery court resulted in a decree dismissing appellant's complaint. This appeal challenges that decree.

In this court, appellant urges only one ground of attack on the validity of the tax sale for 1933 taxes, and that is the claim that the school tax had not been legally levied for the year of 1933, in that the record of the quorum court fails to show that the justices in the quorum court ever voted to levy a school tax in keeping with § 2526, Pope's Digest. It is conceded that the quorum court duly and legally convened at the time and place fixed by law, and that a majority of the justices of the peace was present; but it is argued that the proceedings

of the quorum court fail to show that the justices ever voted to levy a school tax. Here is what the quorum court record shows, as regards the levy of school tax:

"School Tax Levied

"Now on this day is takened up by the Court the matter of the levy of School Tax for the various school districts, motion was made by T. C. Ballowe and seconded by S. S. Conder that the tax be levied on the school districts as certified to the clerk by the various school districts of the County as follows:

"School District
| No. | Mills |
|-----|-------|
| 1 | 18 |
| 2 | 18 |
| 3 | 18" |

(Then follows each of the remaining 54 school districts, with a millage figure opposite each such number.)

Appellant argues that the record, as above quoted, shows that a motion was duly made and seconded, but that the record does not show that the motion was ever put to a vote, or the names of those who voted for the motion. On this alleged absence of a showing of the putting of the question to a vote, and the names of those voting for or against the motion, the appellant bases his entire appeal in this case; and he cites such cases as *Alexander* v. *Capps,* 100 Ark. 488, 140 S. W. 722; *Morris* v. *Levy Lumber Co.,* 103 Ark. 579, 148 S. W. 252; and *Blakemore* v. *Brown,* 142 Ark. 293, 219 S. W. 311. To these might well be added *Porter* v. *Ivy,* 130 Ark. 328, 197 S. W. 697.

If the appellant's attack had been made prior to a confirmation proceeding, then there might be merit to his position, because § 2526, Pope's Digest, (requiring the names of those members of the quorum court voting for and against the motion) does not appear to have been strictly followed. The words in the quorum court record, "school tax levied," when read with the rest of the record, do show that the school tax was levied for each dis-

trict, even though the record does not show the names of the justices voting on the motion. The quorum court record, here, shows a "school tax levied on . . . motion . . . made by T. C. Ballowe and seconded by S. S. Conder . . . on the school districts as certified to the clerk by the various school districts of the county as follows . . ."

But in the case at bar there was a tax confirmation proceeding in 1938 (under Act 119 of 1935), and that confirmation proceeding cured the irregularity, informality or omission of the county clerk to literally obey and observe § 2526, Pope's Digest. In *Kansas City Life Insurance Company* v. *Moss,* 196 Ark. 553, 118 S. W. 2d 873, there was presented the identical contention as is here made by the appellant, and Mr. Justice BAKER, speaking for this court, said:

"The second contention made is that the county clerk did not keep a record of the voting of the members of the quorum court showing the affirmative and negative votes of those constituting that court upon the levying of taxes.

"There is no doubt about the soundness of this contention, if it were made otherwise than in the face of the curative statute the effect of which has been heretofore declared in the cases cited, nor have we any controversy with the contention of learned counsel as to the benefits intended to be guaranteed by the statute under consideration.

"We are not unaware of the numerous decisions of this court in regard to the duties of the clerk in this respect, nor the declaration in the several decisions as to the wholesome purposes to be served in the matter of a record of the affirmative and negative votes of the members of the quorum court. However mandatory this language should appear, we think it should be remembered that these duties were required by statute only. Such statutes so enacted by the Legislature, it had ample power to repeal. This particular statute did not go to the capacity or power of the court to levy the taxes, but

relates solely to the evidence of the fact that a levy had been made and that evidence is lacking only in its proper certification. The objection cannot be made under the record relied upon in this case that the taxes were not in fact levied, but the objections must be urged, if at all, that there was an omission to certify properly the manner in which the tax was levied. It was mere omission of an officer to do a positive duty required by statute, but not so potent was that defect or irregularity as to destroy the power to sell.''

It is true that in the above case the court cited Act 142 of 1935 as curing the irregularity, and it is also true that Act 142 of 1935 was repealed by Act 264 of 1937; but, here, the 1938 confirmation proceedings (under Act 119 of 1935) had the same effect in the case at bar as Act 1942 of 1935 had in *Kansas City Life Ins. Co.* v. *Moss, supra,* so the reasoning in that case is clearly applicable to the situation here—that is, the confirmation proceeding cured the omission in the minutes of the quorum court, since such omission did not go to the power to sell.

The identical question here argued by appellant was decided in *Plant* v. *Sanders,* 209 Ark. 108, 189 S. W. 2d 720, wherein we said:

''Appellee on cross-appeal also contends that the sale of all the lands first above described is void because the levying court did not vote or levy a tax against said lands for the year 1930. We think the record of said court contradicts appellees in this contention. It recites the following: 'On motion of C. E. Quick, seconded by A. F. Porter, a levy of five mills on the taxable property of Johnson County to defray the expenses of the general county expenses for the fiscal years 1930 and 1931 was made.' It is argued that the motion of Quick was not submitted to a vote of the members, no vote taken, or the record does not show the motion was carried by a majority or unanimously. See § 2526, Pope's Digest. The record affirmatively shows that the levying court met at the proper time and place with a majority of all the justices of the peace present, and it affirmatively recites that 'on the motion of Quick a levy of 5 mills on all

678

taxable property . . . was made.' We think this recitation necessarily implies that a vote was taken with a majority or all of the justices voting for it. Certainly after confirmation of the sale to the state this question is foreclosed against appellees. The same thing is true with reference to the other levies made for bond, road, municipal and school tax.''

So, under the authority of the cases of *Kansas City Life Ins. Co.* v. *Moss, supra,* and *Plant* v. *Sanders, supra,* we affirm the decree of the chancery court on the point argued by the appellant in this court. We deem it advisable also to state that the chancery court had other sufficient grounds for its decree, but we have not lengthened this opinion by detailing these other grounds, since the decision here rendered disposes of the sole contention urged by the appellant before this court.

Affirmed.