Nat'l Property Owners Assoc. *v.* Hogue.

5-1692                                                318 S. W. 2d 151

Opinion delivered December 1, 1958.

*Willis V. Lewis,* for appellant.

*Robert L. Rogers, II,* for appellee.

SAM ROBINSON, Associate Justice. This is a suit to quiet title to Lot 7, Block 4, Sunset Heights Addition to the City of Little Rock. The issue is whether appellants have acquired title by adverse possession.

Appellant Roy Morrison testified that in 1946 he cleared the underbrush on the lot and posted a sign there as follows: ''Private Property — Roy Morrison, Owner — Keep Off''. He says that he kept the sign up and kept the lot free of brush until 1955. He is corroborated by his wife. Morrison organized a corporation known as National Property Owners Association. In 1955 this corporation obtained from the State a tax deed to the lot, the property having been declared forfeited for the nonpayment of the 1951 taxes. It is conceded that the tax forfeiture is void because of an overcharge. It does not appear that appellants ever paid any taxes on the property. Morrison claims title by seven years' adverse possession (Ark. Stat. § 37-101) and by two years' adverse possession (Ark. Stat. § 34-1419).

The trial court held that he had not acquired title on either theory. We agree. Morrison does not claim to have had possession of the property in any manner except by clearing the brush and putting up the sign. The property was not enclosed and there is no showing that the sign conveyed any information as to the area of land which Morrison claimed. No one gave testimony regarding the sign except Morrison and his wife. There is no showing of the size of the sign or how well it could be seen or where it was located on the property. Prior to obtaining the tax deed, Morrison did not have color of title, and without color of title it was necessary that he have actual possession in order to claim the benefits of the seven years adverse possession statute (Ark. Stat. § 37-101). *Montgomery* v. *Wallace,* 216 Ark. 525, 226 S. W. 2d 551. Likewise, it was necessary that he have actual possession to claim the benefits of the

two years adverse possession statute (Ark. Stat. § 34-1419). *McMillen* v. *East Ark. Investment Co.,* 196 Ark. 367, 117 S. W. 2d 724. The evidence is not sufficient to show that he had such actual possession at any time. In *Culver* v. *Gillian,* 160 Ark. 397, 254 S. W. 681, the evidence was much stronger to show adverse possession than is the evidence in the case at bar. In that case Judge Hart said: "The defendant claims to have gone into possession of the lots in 1907 and to have held adverse possession ever since. He describes his adverse possession, however, and it is not of such a substantial character as to give him title to the lots. At one time he had the underbrush cleared and some of the larger trees cut down. One year he planted and cultivated a few garden seed. He did nothing from that time until the suit was brought, except that, in 1917, a part of the lots were inclosed and rented. It is true that, in the beginning, he put up a sign on the lots forbidding trespassers from coming there. This of itself would not be sufficient to show adverse possession of the lots against the true owner."

Affirmed.