W. R. ALSOBROOK *v.* IRA TAYLOR, ET UX, ET AL

5-6215                                    491 S.W. 2d 808

Opinion delivered March 26, 1973

[redacted]

*Hall, Tucker & Lowell,* for appellant.

*Cambiano & Cree,* for appellees.

John A. Fogleman, Justice. This case involves the validity of a tax sale of lands in Conway County, Arkansas. Appellant W.R. Alsobrook claimed title to the property in question by a deed executed by the Commissioner of State Lands on April 10, 1964, based upon a forfeiture of the lands for nonpayment of the taxes due thereon for the year 1960. He filed an action to cancel the claims of appellees to the lands as clouds upon his title so acquired, after the former owner's attorney paid the taxes for the year 1970. Appellees counterclaimed, praying for the cancellation of the deed under which appellant claimed. The chancellor held the tax sale void without specifying any reason, canceled appellant's deed for forfeited lands and dismissed his complaint for want of equity. Appellant contends that the chancery court erred

in its decree because the alleged irregularities in the tax sale upon which the forfeiture was based were not prejudicial and because no proceeding to set aside the sale was commenced within the period allowed the landowner for redemption after the sale. We affirm.

Appellees, by their answer and counterclaim and by amendment to the counterclaim, alleged that the tax sale for the taxes of 1960 was invalid for several reasons. Since we reach the conclusion that the sale was unquestionably void because the Clerk of the County Court failed to keep a record of the proceeding of the levying court as required by Ark. Stat. Ann. § 17-408 (Repl. 1968), we do not discuss any of the other grounds of invalidity asserted. In passing, we note that there was never any confirmation proceeding by the state in the Chancery Court of Conway County, as authorized by Ark. Stat. Ann. §§ 84-1315, 84-1318, et seq. (Repl. 1960).

The County Clerk of Conway County testified that, in the official records kept by the clerk at that time, there was no record of any meeting of the Quorum Court of Conway County in 1960 and no record of the vote of the justices of the peace on the levy of taxes for that year. He stated that he examined the record book in which this record should have appeared and that no pages appeared to be missing from the record.

Tax levies are made by the county court, commonly called the quorum court, consisting of the county judge and a majority of the justices of the peace of the county. Ark. Stat. Ann. § 17-401 (Repl. 1968). The clerk of the county court is required to attend and keep in the County Court Record a fair written record of the proceeding and to enter on the record the names of those members of the court voting in the affirmative and those voting in the negative on all propositions to levy a tax. Ark. Stat. Ann. § 17-408. The vote of a majority of the members of the court is necessary to a decision on every question submitted. Ark. Stat. Ann. § 17-406 (Repl. 1968).

The keeping of the record by the clerk is mandatory, and a levy of taxes is void unless the record shows affirmatively the names of the members of the court voting on the question. *Blakemore* v. *Brown*, 142 Ark. 293,

219 S.W. 311. Every essential proceeding in the course of levy of taxes must appear in some written and permanent form in the record of the bodies authorized to act in the premises. *Alexander* v. *Capps,* 100 Ark. 488, 140 S.W. 722. Where there is no record evidence that a tax was levied, the court acts correctly in finding that there was no proper levy and holding a tax sale based thereon void. *Morris* v. *Levy Lumber Company,* 103 Ark. 579, 148 S.W. 252; *Alexander* v. *Capps,* supra. The record must at least show that a vote was taken upon the tax levy. The record which is required by Ark. Stat. Ann. § 17-408 is the only competent evidence of the tax levy. *Alexander* v. *Capps,* supra.

Appellant relies upon *Hudson* v. *Marlin,* 196 Ark. 1070, 121 S.W. 2d 91, as authority that certain irregularities in the assessments of lands and the conduct of the tax sale do not render the sale void. Since none of these steps related to the levy of taxes, we do not consider this case applicable where the steps involved are the very essence of the legislative proceeding to subject property to taxation, and the question is not only the determination of the rate of taxation but whether particular taxes be levied at all. For the same reason we cannot apply the holding in such cases as *Benham* v. *Davis,* 196 Ark. 740, 119 S.W. 2d 743, that technical irregularities not prejudicial to the rights of the owner will be disregarded after the statutory period of redemption. We could not say that the lack of any record whatever of the levy of any taxes on the property is a technical irregularity. We hasten to point out that the court found substantial compliance with statutory requirements about other procedural matters in *Benham* and the authority upon which it is based.

Appellant also contends that, upon the authority of *Scott* v. *Mills,* 49 Ark. 266, 4 S.W. 908, it is error to hold his deed void in view of its status as prima facie evidence of title. That case may be readily distinguished, as this court has previously done. There, we held that the objective in making such a deed prima facie evidence of title was to relieve the grantee from making proof that all things necessary to vest title in the state had been done until evidence is introduced tend-

ing to show that the deed conveyed no title. We held this prima facie evidence was not overcome by a certificate of the clerk that he could not find any record or evidence of the tax assessor's oath of office, the abstract of lands subject to taxation for the year in question to have been delivered by the assessor to the clerk, the notice of the collector that he would meet the taxpayers, the notice of the clerk of sale of delinquent lands, the proof of publication of notice of sale, the certificate of the collector as to sale, and a record showing that the collector offered the lands for sale by beginning at the northeast corner. We said that the effect of this certificate, if it was even admissible, was to show that such of these records or evidence required to be filed or recorded in his office had been lost, that a part of them was not required to be filed there and that a part, if not all, of these records and evidence was immaterial, and could not affect the grantee's title. Later, in *Allen v. Phillips*, 87 Ark. 185, 112 S.W. 403,[1] we held that a deed from the Commissioner of State Lands was no more than prima facie evidence of title in the grantee and was overcome when production of all the records which should have shown a critical step in the proceedings failed to show that it was taken. We pointed out that the court was not considering a case such as *Scott v. Mills*, supra, where the clerk merely stated that he could not find certain records that might or should have contained the evidence sought after, but that the proof showed that the records were in existence and that all were produced. We said that this was the only evidence that could be adduced to show that the requisite action was not taken and that the purpose of the court records is to furnish evidence of the proceedings had by the court. This case clearly falls under the rule of *Allen v. Phillips*, supra, rather than *Scott v. Mills*, supra. There is no indication here that anything has been lost, and resort to the only competent evidence on the subject indicates that, if any action was taken, the mandatory record was not kept.

Appellant's bare statement that the tax sale should not have been set aside because appellees did not insti-

---

[1]In this case the step involved confirmation of the sale under the overdue tax sale pursuant to which the state claimed title under a sale purportedly conducted in the proceeding prescribed by that act, long since repealed.

tute a proceeding within the two-year period allowed for redemption from the tax sale is not supported by any argument in his brief. He does not even cite any authority for his statement, but did refer to Ark. Stat. Ann. § 84-1201 (Supp. 1971) in his complaint. There was no response to the counterclaim. Appellant did not plead Ark. Stat. Ann. § 84-1118 (Repl. 1960) or Ark. Stat. Ann. § 34-1419 (Repl. 1962) and cannot rely upon them for the first time on appeal. *Alexander* v. *Capps,* 100 Ark. 488, 140 S.W. 722. Furthermore, Ark. Stat. Ann. § 84-1118 applies only to technical irregularities and not to the failure to levy taxes. *Leigh* v. *Trippe,* 91 Ark. 117, 120 S.W. 972; *Alexander* v. *Capps,* supra. The chancellor stated in his opinion that Ark. Stat. Ann. § 34-1419 did not apply. It seems to have been first mentioned in appellant's oral motion for a decree in his favor when he rested his case. We agree with the chancellor. It was stipulated that the lands were wild and unimproved and not fenced or under cultivation. This statute of limitations can only be invoked by one in actual possession of the land. *National Property Owners* v. *Hogue,* 229 Ark. 743, 318 S.W. 2d 151; *Hixon* v. *Fulks,* 210 Ark. 204, 194 S.W. 2d 870.

The decree is affirmed.